THE STATE OF OHIO, APPELLEE, *v.* JACKSON, APPELLANT.

(No. 50189 — Decided March 3, 1986.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Diane Wynshaw-Boris,* for appellant.

PRYATEL, J. Nathaniel Jackson, defendant-appellant, was indicted on October 22, 1982 for aggravated robbery, aggravated burglary and felonious assault. At defendant's trial, which resulted in convictions, defendant was sentenced to a concurrent term of seven to twenty-five years for both aggravated robbery and aggravated burglary and to a consecutive term of three to fifteen years for felonious assault. Defendant's aggregate sentence was ten to forty years.

Another panel of this court reversed defendant's convictions due to prosecutorial misconduct and remanded the action for a new trial. Upon remand, defendant pled guilty to the aggravated burglary and felonious assault charges. The aggravated robbery charge was nolled. The court sentenced defendant to seven to twenty-five years for aggravated burglary and to a consecutive term of five to fifteen years for felonious assault, increasing defendant's original aggregate sentence of ten to forty years to twelve to forty years. In addition, the court sentenced defendant to pay a $7,500 fine on the felonious assault charge.

Defendant filed a second appeal. Since the trial court failed to explain on the record the reasons for increasing the original sentence, our court affirmed defendant's convictions but remanded for resentencing for a justification of the longer sentence. *State* v. *Jackson* (1985), 21 Ohio App. 3d 157, 21 OBR 168, 487 N.E. 2d 585.

At the resentencing hearing, the trial court again ordered defendant to serve a term of seven to twenty-five years for aggravated burglary and five to fifteen years for felonious assault, to run consecutively. The $7,500 fine previously ordered was retracted. However, the increase in the aggregate sentence of from ten to forty years to twelve to forty years remained. In addition, the court ordered defendant to pay court costs. In imposing the sentence, the court noted that (1) it found defendant to be a repeat and dangerous offender; (2) the victim who was beaten and whose dwelling was burglarized was ninety-nine years old at the time of the offense (September 1, 1982); (3) the victim suffered severe social, psychological or physical and economic injury as a result of the offense; (4) as a direct and proximate cause of the injuries inflicted by defendant, the victim was confined to a medical center or nursing home and died May 7, 1984 (at age one hundred one); and (5) when the court imposed its original sentence on May 11, 1984, the court was not aware of the victim's death. The court's rationale for imposing the harsher sentence was based on the fact that it found defendant was the cause of the victim's confinement and death.

Defendant filed the instant appeal, assigning three errors.

### Assignment of Error No. I

"The trial court erred when upon remand from the court of appeals, it imposed upon appellant a more severe sentence than the original sentence without supporting it with objective information concerning identifiable conduct by the defendant after the time of the original sentence."

Appellant challenges the trial court's imposition of a harsher sentence after the first judgment was reversed for prosecutorial misconduct.

In *North Carolina* v. *Pearce* (1969), 395 U.S. 711, the United States Supreme Court addressed the issue of what constitutional limitations are placed upon the power of a trial judge to impose upon reconviction a longer prison sentence than the defendant originally received. According to· the court:

"* * * A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events *subsequent* to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' *Williams* v. *New York,* 337 U.S. 241, 245. Such information may come to the judge's attention from evidence *adduced at the second trial itself,* from a new presentence investigation, from the defendant's prison record, or possibly from other sources.* * *" (Emphasis added.) *Id.* at 723.

However, the court noted that the greater punishment cannot be based upon vindictiveness against the defendant for having successfully attacked his first conviction:

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. *Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.* And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (Emphasis added.) *Id.* at 726.

In this case, appellant contends that the trial court's decision to increase the sentence was not "based upon objective information concerning * * * conduct on the part of the defendant occurring after the time of the original sentencing proceeding"; hence, the more severe sentence cannot stand.

The resentencing hearing reveals the following colloquy between defense counsel and the court:

"MS. WYNSHAW-BORIS [defense counsel]: * * *

"Your Honor, the court of appeals has indicated that an increased sentence must be as a result of something that has occurred subsequent to the imposition of the original sentence, and —

"THE COURT: The information which has been made available to me, I consider to be sufficient.

"MS. WYNSHAW-BORIS: May I ask, your Honor, what the information is?

"THE COURT: With reference to the death of the * * * [victim].

"MS. WYNSHAW-BORIS: But the record of the * * * [victim's death] does not indicate that he died as a result of the injuries sustained in the —

"THE COURT: I find it to be that his confinement and subsequent death was directly attributable to the attack and the beating, which this defendant gave him.

"MS. WYNSHAW-BORIS: May I just object for the record, because the death certificate does not indicate a correlation.

"THE COURT: I understand that."

The trial court's conclusion that the confinement and subsequent death of the victim at age one hundred one (nearly two years after the attack) was caused by appellant's attack upon him (the victim) contradicts the cause of death listed on the death certificate, *viz.,* cardio-

pulmonary failure, senescence. Not only is the trial court's rationale for imposing a harsher sentence not based upon "objective information," but assuming *arguendo* that there was a nexus between the attack and the death, the victim's death would be attributable to appellant's conduct *prior* to the original sentencing. Under the *Pearce* decision, the increased sentence must be based upon "conduct on the part of the *defendant* occurring *after* the time of the original sentencing proceeding." (Emphasis added.) No such conduct was revealed by the trial court in the case at bar.

Nor was the increased sentence based upon evidence adduced at a second *trial* (see *Pearce, supra*), since appellant pled guilty to two of the crimes before being handed the more severe sentence. Under these circumstances, it appears that the more severe sentence was based upon vindictiveness.

Nevertheless, counsel for appellee contends that the trial court sentenced appellant in conformity with R.C. 2929.12,[1] taking into account that appellant is a repeat or dangerous offender and that the victim was sixty-five years of age or older and suffered severe social, psychological, physical or economic injury as a result of the offense.

"Generally, an appellate court will not review the trial court's exercise of discretion in the matter of sentence so long as the sentence is within statutory limits.* * *" *State* v. *Jeffers* (1978), 57 Ohio App. 2d 107, 107-108, 11 O.O. 3d 101, 101, 385 N.E. 2d 641, 642; *State* v. *Longo* (1982), 4 Ohio App. 3d 136, 141, 4 OBR 228, 233, 446 N.E. 2d 1145, 1150. Although the trial court sentenced appellant within the statutory limits, the trial court entered a more severe sentence in contravention of the *Pearce* decision: The increased sentence is neither based upon "objective information"; substantiated by conduct on the part of the defendant *after* the original sentence was imposed; nor based upon new evidence discovered upon retrial. Since the trial court did not comply with *Pearce, supra*, appellant's first assignment of error is sustained.

### Assignment of Error No. II

"The trial court erred when it imposed court costs on the indigent defendant."

Another panel of this court determined previously that the trial court acted in contravention of former R.C. 2929.12(F)[2] by requiring appellant (an indigent) to pay the substantial fine of $7,500. The trial court retracted the $7,500 fine upon remand, but ordered appellant to pay court costs. Appellant maintains that the assessment of court costs carries with it the same burden as the fine, and should therefore be abrogated.

R.C. 2929.14(C) (former R.C. 2929.12[F]) precludes a court from imposing *fines* which cause the felony offender undue hardship, but it does not prevent a court from assessing *court costs* against an indigent convicted of a felony. Appellant presents no other authority to support his position that court costs cannot be imposed against him.

We conclude that appellant's second assignment of error lacks merit.

---

[1] Reporter's Note: The text of the statute has been deleted.

[2] R.C. 2929.12(F), now codified at R.C. 2929.14(C), read:

"The court shall not impose a fine or fines for felony that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense."

### Assignment of Error No. III

"The trial court abused its discretion when it denied defendant's motion for independent evaluation for chemical dependency and found that defendant was a repeat and dangerous offender and thus not eligible for conditional probation pursuant to R.C. 2951.04."

Counsel for appellant filed a motion for conditional probation of a drug dependent person pursuant to R.C. 2951.04. At the resentencing hearing, defense counsel stressed that appellant has an alcohol abuse problem and has entered a social service department substance abuse program. The court found appellant eligible for the drug abuse program but denied appellant's motion for conditional probation on the ground that appellant is a dangerous offender.[3] The court noted that appellant had been convicted of assault at the age of nineteen and of drug trafficking at age twenty-one (twelve years prior to the current offense).

Appellant maintains that the trial court abused its discretion in determining that he was ineligible for conditional probation pursuant to R.C. 2951.04(B), which reads in pertinent part:

"Within a reasonable time after receipt of the request for conditional probation, the court shall hold a hearing to determine if the offender is eligible for conditional probation. The offender is eligible for conditional probation if the court finds that:

"(1) The offender is drug dependent or is in danger of becoming drug dependent and he may benefit from treatment;

"(2) The offender has been accepted into an appropriate drug treatment facility or program.* * *

"(3) The offender has committed an offense for which probation may be granted in accordance with section 2951.02 of the Revised Code.* * *"

In *State* v. *Wood* (1976), 48 Ohio App. 2d 339, 347, 2 O.O. 3d 345, 350, 357 N.E. 2d 1106, 1111, the court noted that proof of prior convictions is only prima facie evidence that a defendant is a repeat or dangerous offender and that a defendant may still be eligible for probation. The court offered the following as an example:

"To illustrate, let us assume that a person who has entered a guilty plea has been previously convicted and sentenced for an offense twenty years ago. After serving his minimum term he was paroled. He would appear to be a repeat or dangerous offender as defined in R.C. 2929.01. However, let us further assume that up to the time of his current conviction this defendant has had a clean record with full employment and good behavior. Upon a probation referral and a finding by the trial judge that the offender's present character and condition do not reveal him to be a substantial risk to society, such person would qualify for probation."

Despite the example offered in *Wood* and the fact that appellant has not committed a crime since 1971, we are mindful that it is within the trial court's discretion to suspend execution of sentence and place a defendant on probation. *Id.* at 351, 2 O.O. 3d at 352, 357 N.E. 2d at 1113 (Krenzler, C.J., concurring). Given appellant's prior offenses (assault and drug trafficking) and the fact that the crimes in the instant case were committed against a ninety-nine-year-old man, we are unwilling to find that the court abused its discretion

---

[3] R.C. 2929.01(B) defines "dangerous offender" as follows:

" 'Dangerous offender' means a person who has committed an offense, whose history, character, and condition reveal a substantial risk that he will be a danger to others, and whose conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences."

in denying appellant conditional probation.

Appellant's third assignment of error is overruled.

The sentences are modified as follows: The sentence for the aggravated burglary charge will remain seven to twenty-five years while the sentence for the felonious assault charge will decrease from five to fifteen years to three to fifteen years (in accordance with the original sentence), the latter to run consecutively to the aggravated burglary sentence. Appellant will be required to pay court costs.

As modified, the judgment is affirmed.

*Judgment accordingly.*

JACKSON, P.J., and ANN MCMANA-MON, J., concur.