OPINION
Appellant Terry A. Payne appeals five separate decisions of the Court of Common Pleas, Delaware County, Ohio, regarding orders for court costs and restitution. These appeals have been consolidated pursuant this Court's judgment entry dated July 1, 1999. A brief chronological summation of the relevant facts of each case is as follows. In case number 99CA-A-05-026 (trial case number 92CRI04118), appellant pled guilty to the crime of nonsupport of a dependent, a fourth-degree felony, in violation of R.C.2919.21(A)(2), on June 17, 1992. The trial court sentenced appellant, on September 17, 1992, to one and one-half years imprisonment and ordered him to pay the costs of prosecution. However, the court suspended the imposition of the sentence and placed appellant on probation, subject to thirteen conditions. Among them, appellant was required to pay his delinquent child support obligation, to remain employed and to pay costs on or before September 1, 1993. In case number 99CA-A-05-024 (trial case number 92CRI12475), appellant again pled guilty to the crime of nonsupport of a dependent, a fourth-degree felony, in violation of R.C. 2919.21(A)(2), on February 16, 1993. The trial court sentenced appellant, on April 6, 1993, to one and one-half years imprisonment and ordered him to pay the costs of prosecution. In this case, the court again suspended the imposition of the sentence and placed appellant on probation, subject to thirteen conditions. Among them, appellant was required to pay his delinquent child support obligation, to remain employed and to pay costs on or before December 31, 1995. In case number 99CA-A-05-025 (trial case number 95CRI01051), appellant once again pled guilty to the crime of nonsupport of a dependent, a fourth-degree felony, in violation of R.C. 2919.21(A)(2), on March 29, 1995. The trial court sentenced appellant, on July 18, 1995, to one and one-half years imprisonment and ordered him to pay the costs of prosecution. Despite appellant's third criminal conviction for failing to provide for his children, the trial court suspended the imposition of the sentence and placed appellant on probation, subject to twelve conditions. Among them, appellant was required to pay his increasingly delinquent child support obligation, to remain employed and to pay costs on or before December 31, 1997. In case number 99CA-A-05-028 (trial case number 97CRI02004), appellant pled guilty to the crime of trafficking in cocaine, a fifth-degree felony, in violation of R.C. 2925.03(A), on April 30, 1997. The trial court, on June 13, 1997, sentenced appellant to community control sanctions under the supervision of the Adult Parole Authority. Among the conditions of community control, appellant was required to submit to random urinalysis, to remain employed and to pay costs on or before December 31, 1999. The court further ordered that a violation of the sentence could lead to a prison term of eleven months. In case number 99CA-A-05-027 (trial case number 97CRI02075), appellant pled guilty to three felony counts of trafficking in cocaine, all in violation of R.C.2925.03(A), on May 2, 1997. The trial court, on June 13, 1997, sentenced appellant to community control sanctions under the supervision of the Adult Parole Authority. Among the conditions of community control, appellant was similarly required to submit to random urinalysis, to remain employed, to pay costs on or before December 31, 1999, and to further pay restitution to the Delaware County Drug Task Force in the amount of $585. The court further ordered that violations of the sentence could lead to specific consecutive prison terms. In regard to the first two of the above cases, namely, 99CA-A-05-026 and 99CA-A-05-024, the trial court also visited the issue of probation in dual amended judgment entries, filed February 7, 1997, which reinstated all terms and conditions previously imposed. The record additionally reveals that on February 26, 1998 the court ordered, in case number 99CA-A-05-024 only, that probation would be "tolled" until such time as the child support arrearages were paid in full. In regard to the remaining three cases, the trial court conducted a hearing on November 6, 1998, on the issues of suspension of community control sanctions and/or revocation of probation. The court thereafter rendered judgment entries in these three cases, namely 99CA-A-05-025, 99CA-A-05-028, and 99CA-A-05-027, revoking community control sanctions and probation, as well as imposing sentences per its orders of July 18, 1995 and June 13, 1997. On April 6, 1999, appellant filed pro se motions in each of the above five cases, requesting that the trial court suspend any orders for the payment of court costs and restitution. The trial court overruled these five motions, resulting in the present consolidated appeal. Appellant herein raises the following sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT FAILED TO SUSPEND COURT COSTS AND RESTITUTION WHEN IT TERMINATED THE CONDITIONAL PROBATION THAT ORDERED THE APPELLANT TO PAY COURT COSTS AND RESTITUTION.
 COURT COST ISSUES
We begin our analysis by reviewing the relevant statutory authority regarding court costs. R.C. 2947.23 mandates that "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. * * *" In the first three of the above cases, namely 99CA-A-05-026, 99CA-A-05-024, and 99CA-A-05-025, the trial court indeed ordered appellant to pay the costs of prosecution as part of each sentence and awarded execution on same. This was in addition to making court cost payment a condition of probation. Thus, we find no merit in appellant's argument that the termination of probation would have acted as a termination of the requirement to pay court costs in these first three cases. Turning to the two remaining cases, the trafficking convictions, the trial court ordered that appellant "be sentenced to the following Community Control Sanctions * * *," including the requirements to pay court costs, as well as restitution of $585 in case number 99CA-A-05-027. Judgment Entries of June 13, 1997, at 2 and 3. In light of R.C. 2947.23, supra, we hold that the trial court intended the court cost payment requirements to be part of the sentence itself, rather than merely a form of probation conditions, as urged by appellant. Therefore, we hold that an order to pay court costs, written within community control sanctions, remains an independent order whether or not a defendant is later imprisoned upon suspension of said sanctions.
 RESTITUTION ISSUES
We cannot similarly apply the mandatory language of R.C. 2947.23
to the restitution provisions. Restitution is detailed in R.C.2929.18, which states that "* * * the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanctions or combination of financial sanctions authorized under this section * * *." We hereby hold that an order for restitution in a felony probation or felony community control sentencing order is terminated by revocation of probation or community control sanctions, unless the trial court has specified restitution as an order independent of said sanctions. We will address each case in turn. In case number 99CA-A-05-026, probation was not revoked after the February 7, 1997 entry of reinstatement. Therefore, appellant's arguments are meritless in this case. In case number 99CA-A-05-024, the trial court kept in place appellant's required payment of the child support arrearages by the language of its February 26, 1998 judgment entry. Contrary to appellant's arguments, the trial court did not reimpose appellant's sentence. Accordingly, as we found with respect to appellant's argument in 99CA-A-05-026, appellant's same argument in respect to 99CA-A-05-024 is meritless. In case numbers 99CA-A-05-025 and 99CA-A-05-027, the sentencing entries do not specify restitution as an independent order. Therefore, we find merit in appellant's contention that his probation revocation or community control revocation extinguished the restitution provisions under the facts and circumstances of these two cases. In case number 99CA-A-05-028, the trial court did not order any restitution. Therefore, we need not address appellant's argument on this issue in this case.
 INDIGENCY ISSUES
Appellant additionally argues that he is exempt from paying restitution and court costs because of his indigent status, citing R.C. 2329.66 as authority. He also relies on two federal cases, Hutchinson v. Cox (S.D. Ohio 1992), 784 F. Supp. 1339, and Clay v. Edward J. Fischer, Jr., M.D., Inc. (S.D. Ohio 1984),584 F. Supp. 730. We are unpersuaded by appellant's arguments. The cited authority pertains to the constitutionality of Ohio's statutory judgment execution procedures. Nothing in the present record indicates that the state is seeking to execute judgment against appellant's assets. Furthermore, Ohio law does not forbid a trial court from imposing court costs on an indigent defendant convicted of a felony. State v. Jackson (1986), 30 Ohio App.3d 149, 152; see, also, State v. Tubbs (May 29, 1998), Fairfield App. No. 97CA72, unreported, at 3. In a similar vein, a trial court is not required to inquire into an offender's financial ability to pay restitution prior to ordering said restitution. State v. Lake (1996), 111 Ohio App.3d 127, 133; In re Swiger (Jan. 25, 1999), Washington App. No. 98CA2427, unreported, at 5; State v. Dingess (Apr. 30, 1998), Cuyahoga App. No. 72451, unreported, at 3. Moreover, the opportune time for appealing the particulars of the five sentencing entries for reasons of inability to pay was at the time they were rendered. As noted by the Ninth District Court of Appeals, "[t]he proper remedy for alleged errors or irregularities in sentencing, as well as in trial proceedings, is by appeal. [Citation omitted]. To allow defendant to challenge the validity of the conditions of his probation now would, in effect, permit a circumvention of appellate rules requiring that an appeal be taken within thirty days. * * *" State v. Lepley (1985), 24 Ohio App.3d 237,238. The trial court did not err by refusing to suspend court costs following appellant's simultaneous motions in all five cases. However, we find that the trial court erred in failing to suspend restitution in cases 99CA-A-05-025 and 99CA-A-05-027. Appellant's Assignments of Error in cases 99CA-A-05-026, 99CA-A-05-024 and 99CA-A-05-028 are overruled. Appellant's Assignments of Error in cases 99CA-A-05-025 and 99CA-A-05-027 are sustained in part. For the reasons stated in the foregoing opinion, the judgments of the Court of Common Pleas of Delaware County, Ohio, are hereby affirmed in cases 99CA-A-05-026, 99CA-A-05-024 and 99CA-A-05-028. The judgments of the Court of Common Pleas of Delaware County, Ohio, in case numbers 99CA-A-05-025 and 99CA-A-05-027 are hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, P. J. Hoffman, J., concurs. Edwards, J., concurs separately.