OPINION
Appellant, Dennis Heil, appeals from his sentence in the Geauga County Court of Common Pleas after he pled guilty to two counts of corruption of a minor. The following facts are relevant to a determination of this appeal.
After pleading guilty to two fourth degree felonies, appellant was sentenced by the trial court on October 27, 1999. He was given two seventeen-month terms of incarceration to be served concurrently, but consecutively to another sentence that appellant was already serving. Appellant was also ordered to pay court costs of $580.76. No fine was imposed. On February 8, 2000, appellant filed a pro se motion to suspend fines and court costs claiming he was indigent. On February 10, 2000, the trial court denied appellant's motion, stating, in part, that "[n]o fines were imposed."
Appellant timely appealed the trial court's decision and has now set forth the following assignments of error:
 "1. The Trial Court erred in assessing the Defendant-Appellant with Fines and/or Court Cost after finding the Defendant-Appellant was in fact Indigent.
 "2. The Trial Court erred in imposing a Mandatory Fine without first determining the Defendant-Appellant's ability to pay such Fines and/or Court Cost imposed.
 "3. The trial court erred when imposing a Fine and/or Court Cost upon an indigent Defendant as a part of his sentence."
Although appellant has set forth three assignments of error, he only raises one issue and, accordingly, we will treat his assignments of error in a consolidated manner. Appellant contends that because he was indigent, it was error for the trial court to assess a fine and impose court costs on him. Briefly, we note that appellant was not fined and, thus, those portions of his assignments of error that address the issue of being fined are without merit.[1] We will proceed as if the sole issue that remains is whether a common pleas court can impose court costs on an indigent defendant found guilty of a felony. For the reasons that follow, we conclude that it may not.
The general rule, as set forth in R.C. 2947.23, states as follows:
 "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs."
However, it is a well-established principal of statutory construction that specific provisions prevail over conflicting general statutes. R.C.1.51; State v. Chippendale (1990), 52 Ohio St.3d 118, 120; State v.Rush (1998), 83 Ohio St.3d 53, 58. An exception to this rule occurs if the general rule is the later adoption and is manifestly intended to predominate. Rush, at 58.
There is a more specific statutory provision, which was later enacted, that addresses the issue of court costs as they relate to indigent defendants. Specifically, R.C. 2949.14 states, in pertinent part:
 "Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, * * *. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted." (Emphasis added.)
Thus, it is clear that nonindigent defendants can be charged for court costs. The use of the term "nonindigent" implies that indigent
defendants cannot be assessed court costs in felony cases. This interpretation is supported by R.C. 2949.19 which delineates the procedure by which the clerk of courts can recover the costs associated with the conviction of an indigent defendant.
The foregoing analysis was employed by the Fourth District Court of Appeals in State v. Young (July 14, 2000), Meigs App. No. 00CA02, unreported, at 2-3, 2000 Ohio App. LEXIS 3316. We agree with the analysis and adopt it in the case at bar. We note, however, that the opposite result has been reached by the Fifth District Court of Appeals. See, State v. Payne (Dec. 20, 1999), Delaware App. Nos. 99CAA05024, 99CAA05025, 99CAA05026, 99CAA05027, and 99CAA05028, unreported, 2000 WL 1405, and State v. Tubbs (May 29, 1998), Fairfield App. No. 97CA72, unreported, 1998 WL 346843. The Fifth District, however, relied exclusively on State v. Jackson (1986), 30 Ohio App.3d 149, a case decided by the Eighth District Court of Appeals. The Jackson court based its decision on the fact that former R.C. 2929.14(C) precluded a court from imposing a fine which caused the felony offender undue hardship, but that statute contained no similar prohibition regarding court costs. Additionally, the court noted that the appellant presented no other authority to support his position. Thus, it is clear that the court never considered R.C. 2949.14 or R.C. 2949.19.
In summary, we believe the legislature intended to relieve indigent felony defendants from the burden of court costs, just as they are relieved from having to pay for an attorney, pay for expert witnesses, pay for filing fees, or pay for transcripts. This outcome is consistent with other rules regarding indigent defendants. Hence, to the extent that appellant's assignments of error raise the issue of the propriety of assessing court costs to an indigent defendant, they are sustained. However, a trial court always has the discretion to evaluate a defendant's affidavit of indigency and determine whether the defendant is truly indigent. If, in fact, he is, then court costs should not be assessed.
The judgment of the trial court is hereby reversed and the matter remanded for resentencing consistent with this opinion. If the trial court is satisfied that appellant is indigent, costs shall not be assessed.
 ________________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., MAHONEY, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] From the record, we cannot tell if the trial court overruled the motion despite the indigency of appellant or whether the motion was overruled because the court determined appellant was not indigent.