THE STATE OF OHIO, APPELLEE, *v.* WOOD, APPELLANT.

340

(No. 34338—Decided February 26, 1976.)

*Mr. John T. Corrigan,* for appellee.
*Mr. Alan I. Goodman,* for appellant.

PARRINO, J.   On October 16, 1973, appellant was indicted for carrying a concealed weapon with prior felony convictions, R. C. 2923.01, illegal possession of a firearm with prior felony convictions, R. C. 2923.56, possession for sale of a narcotic, R. C. 3719.20(A), and unlawful possession of a firearm, R. C. 2947.30. These charges were contained in Case No. Cr. 10538 of the Court of Common Pleas of Cuyahoga County.

The Grand Jury returned a second four-count indictment against appellant on December 21, 1973, in which the charges were illegal possession of a sawed-off shotgun, R. C. 2923.04, illegal possession of a firearm with prior felony convictions, R. C. 2923.56, unlawful possession of narcotic instruments, R. C. 3719.172, and possession of a narcotic, R. C. 3719.09. These charges were contained in Common Pleas Court Case No. Cr. 11504.

On March 22, 1974, pursuant to R. C. 2941.021, appellant, being represented by counsel, waived prosecution by indictment and consented to proceed by way of information as to other charges pending against him. These charges were possession of a narcotic, R. C. 3719.09, and receiving stolen property, R. C. 2913.51. The case against appellant was designated as Common Pleas Court Case No. Cr. 12784.

On March 22, 1974, appellant appeared before the Common Pleas Court of Cuyahoga County. At that time he entered a plea of guilty to the first count in Case No. Cr. 10538, carrying a concealed weapon. The remaining counts in Case No. Cr. 10538 were nolled upon the recommendation of the prosecutor. In Case No. Cr. 11504 appellant entered a

plea of guilty to the fourth count, possession of a narcotic, and the remaining counts were nolled. In Case No. Cr. 12784 appellant entered a plea of guilty to both counts charged in the information. At subsequent proceedings, following a presentence report, appellant was sentenced to a term of imprisonment for each of the charges to which he had entered a plea of guilty. All of the sentences were to be served concurrently.

Appellant filed a timely notice of appeal, and has alleged the following four assignments of error:

"1. A prosecutor commits error prejudicial to the substantial rights of an accused when he prosecutes him without service of criminal complaints or accords him the right of preliminary hearing on any of the charges.

"2. A prosecutor commits error prejudicial to the substantial rights of an accused when he fails to fulfill conditions of leniency importuning from the effects of plea bargaining.

"3. A court commits error prejudicial to the substantial rights of an accused when it omits to make a factual determination of guilty pleas prior to their acceptance.

"4. The judgment of conviction is greatly and manifestly against the evidence in that no evidence existed in the legal sense."

The first and fourth assignments of error are substantially identical and will be treated together. In these assignments of error appellant first contends that his guilty pleas are invalid because he was not afforded a preliminary hearing. We find this contention to be erroneous.

It is well settled that an accused has no constitutional right to a preliminary hearing. *State, ex rel. Haynes,* v. *Powers* (1969), 20 Ohio St. 2d 46; *State* v. *Minamyer* (1967), 12 Ohio St. 2d 67. Criminal Rule 5(B) does provide that an accused charged with a felony is entitled to a preliminary hearing unless waived in writing. However, the rule goes on to provide that:

"If the defendant does not waive the preliminary hearing, the judge shall schedule a preliminary hearing within a reasonable time, but in any event no later than

five days following arrest or service of summons if the defendant is in custody and no later than fourteen days following arrest or service of summons if he is not in custody. The preliminary hearing shall not be held, however, if the defendant is indicted.''

Although Criminal Rule 5(B) thus prescribes that a hearing shall be held within a designated period after arrest or service of summons, the failure to provide a hearing within that period does not entitle a defendant to an automatic dismissal of the charges against him. Rather, some timely and proper action by or on behalf of an accused must be initiated to secure the desired dismissal, and if an indictment is handed down before such action is taken, the right to a preliminary hearing is extinguished and the hearing need not be held. *State, ex rel. Haynes*, v. *Powers, supra.*

In Cases Cr. 10538 and Cr. 11504, appellant was indicted by the Grand Jury subsequent to his arrest before any steps were taken by him to secure a dismissal of the charges against him. Therefore, his right to a preliminary hearing in those cases was extinguished. We find no deprivation of appellant's rights in the failure of the trial court to hold a preliminary hearing.

Nor do we find that appellant was deprived of any rights with regard to a preliminary hearing under the Ohio Rules of Criminal Procedure in Case No. Cr. 12784. Criminal Rule 5(B) provides that in felony cases a defendant is entitled to a preliminary hearing unless waived in writing. The record in Case No. Cr. 12784, in which appellant waived prosecution by indictment, shows that on February 19, 1974, appellant, in Parma Municipal Court, signed a written ''Waiver of Rights and of Preliminary Hearing,'' in which the right to a preliminary examination was expressly waived. In light of this signed, written waiver, it is clear that appellant's right to a preliminary hearing was not violated.

Appellant also contends in his first and fourth assignments of error that his guilty pleas are invalid because the prosecutions took place in the absence of a ''complaint'' under Criminal Rule 3. This contention is erroneous.

Criminal Rule 3 provides:

"The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

In Case No. Cr. 12784 the record shows that a written complaint in compliance with the requirements of Criminal Rule 3 was filed in Parma Municipal Court.

In Cases Cr. 10583 and Cr. 11504 no documents designated "complaint" were filed. However, in each case, affidavits made upon oath were filed by Cleveland police officers which stated the essential facts constituting the offenses charged, and the numerical designation of the applicable statutes. Thus, each document, in substance, fulfilled the requirements of a complaint under Criminal Rule 3. Criminal Rule 33(E) provides in part that no judgment of conviction shall be reversed because of:

"1. An inaccuracy or imperfection in the indictment, information, or complaint, provided that the charge is sufficient to fairly and reasonably inform the defendant of all the essential elements of the charge against him."

Pursuant to Criminal Rule 3, a complaint constitutes the basic charging instrument in all criminal proceedings in this state. Where, however, an affidavit has been filed in lieu of a complaint, which affidavit contains all of the essential elements required to be stated in a complaint, the use of such affidavit as the charging instrument does not constitute reversible error and is insufficient grounds to vacate a valid guilty plea.

The second and third assignments of error allege that appellant's guilty pleas were induced by promises by the prosecutor concerning probation which were subsequently unfulfilled, and that the pleas were, therefore, involuntary and invalid under Criminal Rule 11(C)(2)(a). Appellant also contends that the court erred in failing to make a factual determination prior to the acceptance of the guilty pleas.

Criminal Rule 11(C)(2)(a) provides that the court may not accept a plea of guilty without first addressing the defendant personally and "determining that he is making

the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.''

The record clearly indicates that the trial court fully complied wtih the mandates of Criminal Rule 11(C)(2)(a). Appellant was personally addressed by the court, and was informed of the nature of the charges against him and of the maximum penalties involved in all three pending cases. He stated specifically that he was making each plea voluntarily. Finally, when asked if he had been promised anything in return for his pleas of guilty, appellant responded that he had not. Based upon this record, it is our conclusion that appellant's pleas of guilty were not induced by unfulfilled promises of the prosecutor, and that they were voluntarily made in compliance with Criminal Rule 11. Unlike the procedure in the federal courts,[1] there is no requirement under the Ohio Rules of Criminal Procedure that a court must make a determination that there is a factual basis for a guilty plea prior to entering judgment on that plea.

Appellant has further argued in his second and third assignments of error that his guilty pleas were defective because of the failure of the trial court to comply with Criminal Rule 11(C)(2)(a)[2] by not advising appellant that he was not eligible for probation as a repeat or dangerous offender under R. C. 2951.02(F)(2).[3]

---

[1]Fed. R. Crim. P. 11(f); 18 U. S. C. A. *See McCarthy* v. *United States* (1969), 394 U. S. 459, 467.

[2]Crim. R. 11(C)(2)(a): "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining * * * if applicable, that he is not eligible for probation."

The Ohio Rules of Criminal Procedure became effective on July 1, 1973.

[3]"R. C. 2951.02. Criteria for probation; conditions of probation.

"(F) An offender shall not be placed on probation when any of the following applies:

"(2) The offender is a repeat or dangerous offender as defined in section 2929.01 of the Revised Code."

This statute, as a part of H. B. 511, became effective January 1, 1974.

After entering his guilty pleas, appellant was referred to the probation department by the trial judge for a pre-sentence investigation and report. Prior to accepting appellant's guilty pleas, the trial judge did not advise him that he was not eligible for probation as a repeat or dangerous offender as defined in R. C. 2929.01, which provides as follows:

"*Definitions.* As used in sections 2929.01 to 2929.51 of the Revised Code:

"(A) 'Repeat offender' means a person who has a history of persistent criminal activity, and whose character and condition reveal a substantial risk that he will commit another offense. It is prima facie evidence that a person is a repeat offender if any of the following apply:

"(1) Having been convicted of one or more offenses of violence, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent offense of violence;

"(2) Having been convicted of one or more sex offenses as defined in section 2950.01 of the Revised Code, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent sex offense;

"(3) Having been convicted of one or more theft offenses as defined in section 2913.01 of the Revised Code, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent theft offense;

"(4) Having been convicted of two or more felonies, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent offense;

"(5) Having been convicted of three or more offenses of any type or degree other than traffic offenses, alcoholic intoxication offenses, or minor misdemeanors, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent offense.

"(B) 'Dangerous offender' means a person who has committed an offense, whose history, character, and condition reveal a substantial risk that he will be a danger to others, and whose conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with

heedless indifference to the consequences. 'Dangerous offender' includes, without limitation, psychopathic offender as defined in section 2947.24 of the Revised Code.''

Appellant points out that various counts of his indictment specifically allude to prior convictions. Under such circumstances, he argues that the court, prior to the acceptance of his guilty pleas, had the duty to inquire further and determine whether appellant had in fact been previously convicted and imprisoned for prior offenses which would disqualify him for probation and, if so, specifically advise him that he was not eligible for probation.

R. C. 2951.02 sets forth several criteria to be used by the court in extending or denying probation to an offender. However, the criteria therein outlined are not to be construed to limit the matters which may be considered by the trial court in arriving at a decision on the question of probation. When all of the relevant factors are considered, the granting or denying of probation is a matter subject to the grace and discretion of the trial court. *In re Reed* (1969), 21 Ohio App. 2d 1; *State* v. *Weed* (1954), 110 Ohio App. 186.

R. C. 2951.02(F)(2) provides that a repeat or dangerous offender as defined in R. C. 2929.01 shall not be placed on probation. Among the factors to be considered by a trial judge in determining who is a repeat offender under R. C. 2929.01(A) are the following:

First, does the defendant have a history of persistent criminal activity? Second, do the defendant's character and condition reveal a substantial risk that he will commit another offense? It is prima facie evidence that a person is a repeat offender if he has been convicted and sentenced for various offenses enumerated in the statute.

R. C. 2929.01(B) states that a dangerous offender is a person who has committed an offense, whose history, character and condition reveal a substantial risk that he will be a danger to others, and whose conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifferences to the consequences.

While the conviction and sentence for a prior offense is prima facie evidence that a person is a repeat offender

under R. C. 2929.01(A), such prior conviction and sentence in themselves do not automatically disqualify such offender from probation under R. C. 2951.02(F)(2). To deny a defendant probation as a repeat offender as defined under R. C. 2929.01(A), the trial judge must also conclude that his character and condition are such as to reveal a substantial risk that he will commit another offense.

Similarly, before a defendant may be denied probation as a dangerous offender under R. C. 2929.01(B), the trial judge must make a determination regarding the defendant's character, condition and behavior pattern. It is obvious, then, that the determination of an individual's status as a repeat or dangerous offender requires the consideration of numerous variables, many of which may not be known or available to a trial judge at the time a defendant enters a guilty plea. Though it is possible in some cases for a trial judge to determine that a person is a repeat or dangerous offender at the time a guilty plea is accepted and thus deny him probation, in other cases such determination can only be made by that judge after he has ordered a presentence investigation and has considered the information contained in the probation report. In some cases a judge may also require a psychiatric evaluation of the defendant before such determination can be made.

To illustrate, let us assume that a person who has entered a guilty plea has been previously convicted and sentenced for an offense twenty years ago. After serving his minimum term he was paroled. He would appear to be a repeat or dangerous offender as defined in R. C. 2929.01. However, let us further assume that up to the time of his current conviction this defendant has had a clean record with full employment and good behavior. Upon a probation referral and a finding by the trial judge that the offender's present character and condition do not reveal him to be a substantial risk to society, such person would qualify for probation.

Thus, in some cases, as here, it is not possible for a trial judge, prior to the acceptance of a guilty plea, to determine that a defendant is a repeat or dangerous offender

as defined in R. C. 2929.01 and thereby be able to inform him that he is not eligible for probation under R. C. 2951.02 (F)(2). Where such determination cannot be made without a presentence investigation and probation report, a trial judge, pursuant to Criminal Rule 11(C)(2)(a), is not required to inform the defendant that he is not eligible for probation prior to the acceptance of a guilty plea. In such a case, the judge, after studying the probation report, may decide that the defendant's present character and condition are such that he is not a repeat or dangerous offender as defined in R. C. 2929.01, despite the defendant's past criminal record.

In the instant case, the trial judge scrupulously adhered to Criminal Rule 11 in accepting appellant's guilty pleas. *State* v. *Griffey* (1973), 35 Ohio St. 2d 101. He referred appellant to the probation department with the express acknowledgment by appellant that the court was not promising probation to him. After receiving the probation report, the judge, within his discretion, denied appellant probation. Appellant's assignment of error that the judge failed to inform him that he was not eligible for probation is overruled.

Appellant has also contended that the court erred in failing to hold an evidentiary hearing on his motion for "shock probation" under R. C. 2947.061. However, under the provisions of R. C. 2947.061 a defendant is not entitled to such a hearing. Rather, the holding of a hearing is discretionary with the trial court, and the failure to conduct such a hearing is not a denial of due process of law. *State* v. *Orris* (1971), 26 Ohio App. 2d 87; *State* v. *Poffenbaugh* (1968), 14 Ohio App. 2d 59. Thus, appellant's contention is without merit.

Finding none of the assignments of error to be well taken, we affirm the judgment of the Court of Common Pleas.

*Judgment affirmed.*

KRENZLER, J., concurs.

DAY, J., concurs in the judgment only.

KRENZLER, C. J., concurring. I concur in the judgment of affirmance but will make additional comments on the issue raised by the appellant that the guilty pleas were defective because of the failure of the trial court to comply with Criminal Rule 11(C)(2)(a) by not advising appellant that he was not eligible for probation as a repeat or dangerous offender under R. C. 2951.02(F)(2).

In a criminal case, after a defendant is found guilty or enters a plea of guilty or no contest, the trial court may immediately impose sentence and order the defendant incarcerated in an institution. However, the trial court may, after imposing sentence, suspend the execution of the sentence and place the defendant on probation if permitted by law.

Criminal Rule 11(C)(2)(a), which was adopted on July 1, 1973, provides in substance that before a trial court accepts a plea of guilty or no contest, it shall determine that the defendant is making the plea voluntarily, and that he understands the nature of the charge, the maximum penalty involved, and if applicable, that he is not eligible for probation. This means that if, as a matter of law, a defendant is not eligible for probation, the trial court must so advise him of this fact under the requirements of Criminal Rule 11(C)(2)(a). On the contrary, if a defendant is eligible for probation, nothing need be said regarding the subject of probation.

It is noted that at the time Criminal Rule 11 was adopted, eight non-probationable offenses were enumerated in R. C. 2951.04 and there were additional non-probationable offenses enumerated in titles other than Title 29 of the Revised Code, such as R. C. 3719.99. Also, R. C. 2951.02 provided the statutory authority for placing a defendant who had plead guilty or had been found guilty on probation. On January 1, 1974, R. C. 2951.04 was repealed and R. C. 2951.02 was also repealed and replaced by a new statute numbered the same. The new R. C. 2951.02 provides in substance the criteria for determining whether or not to place an offender on probation, and also which Title 29 offenses are not probationable. Further, a new statute, R. C. 2929.01 de-

fining repeat and dangerous offenders was enacted and became effective on January 1, 1974.

Now R. C. 2951.02(A), (B), (D) and (E) provide that the trial court has discretion in determining whether or not to place a defendant on probation and these sections also set forth the various criteria that the court shall consider in determining whether or not a defendant shall be placed on probation.

R. C. 2951.02(F)(1) and (3) provide that an offender shall not be placed on probation when the offense involved is aggravated murder, murder, or when the offense was committed while the offender was armed with a firearm or a dangerous ordnance as defined in R. C. 2923.11. This means that, as a matter of law, if the offense involved in the case is one of those set forth in R. C. 2951.02(F), (1) or (3), the offender shall not be placed on probation.

In addition, R. C. 2951.02(F)(2) provides that if the offender is a repeat or dangerous offender, as defined in R. C. 2929.01, he shall not be placed on probation. A review of R. C. 2929.01 indicates that whether or not an offender is a repeat or dangerous offender is a matter for subjective determination by the trial court. If the trial court does in fact find in the exercise of its discretion that a defendant is a repeat or dangerous offender, he may not be placed on probation. However, there is no mandate requiring that the court make a finding in each case as to whether the defendant is or is not a repeat or dangerous offender. The code merely provides that if an offender is found to be a repeat or dangerous offender, he may not be placed on probation. R. C. 2951.02 (F)(2). Thus, the trial court has discretion to either make no finding as to whether a defendant is a repeat or dangerous offender, or make a specific finding that he is or is not a repeat or dangerous offender. The effect of R. C. 2951.02 is to give the trial court discretion in determining whether or not to suspend a sentence of imprisonment and place a defendant on probation unless it makes a finding that the defendant is a repeat or dangerous offender, or unless the Title 29 offense committed was aggravated murder, murder, or an offense committed while the offender was armed with a firearm or dangerous ordnance.

However, since the court has discretion in determining whether a defendant is a repeat or dangerous offender, it, in effect, has discretion whether or not it will suspend the sentence and place the defendant on probation in all Title 29 cases except those involving aggravated murder, murder, or an offense committed while the offender was armed with a firearm or dangerous ordnance.

In summary, under R. C. 2951.02 only the offenses of aggravated murder, murder, or offenses committed when the offender was armed with a firearm or dangerous ordnance are non-probationable as a matter of law. As to all other Title 29 offenses, it is clearly within the trial court's discretion whether it will suspend execution of sentence and place a defendant on probation.

In the present case the trial court did not make a finding that the appellant was a repeat or dangerous offender under R. C. 2929.01. The offenses to which the defendant entered pleas of guilty were probationable at the discretion of the court. Therefore, the appellant was eligible for probation. The trial court did not commit prejudicial error in failing to tell the defendant that he was not eligible for probation. The judgment is properly affirmed.