THE STATE OF OHIO, APPELLEE, *v.* BUSH, APPELLANT.

(No. 47905 — Decided May 2, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Paul Mancino, Jr.,* for appellant.

PRYATEL, J. This appeal is the second one on this case for defendant-appellant Terry Bush. Initially, Bush was indicted on various counts of forgery, uttering and grand theft for a series of bad checks he passed. Subsequently Bush pled guilty to one count of forgery, one count of uttering (for two different bad checks) and one count of grand theft. (The convictions for uttering and grand theft involved the same bad check.)

The trial court referred Bush to the probation department for a presentence investigation to determine eligibility for conditional probation. Thereafter the court sentenced Bush to three consecutive two-to-five year sentences.

Bush appealed that judgment, citing seven assignments of error. All but one of these assignments were overruled in the initial appeal. The sentences were vacated and the case remanded to the trial court for the sole purpose of determining whether Bush was eligible for conditional probation by reason of drug dependency. (R.C. 2951.04.)

After remand, a hearing was conducted before the trial court. Upon hearing the evidence, which included several prior convictions, the court ruled that Bush was not eligible for such conditional probation.

Bush also requested the court to modify the vacated sentences by imposing a definite sentence as provided by amendments to the Ohio statutes. The court ruled that it was without authority to change the vacated sentences and reimposed the previous sentences.

Appellant raises three assignments of error.

"I. The court committed prejudicial error in ruling that the sentence could not be modified to impose a definite sentence as provided for by recent amendments to the Ohio criminal statutes."

Appellant argues that, because his sentences were vacated pending a remand for a hearing on conditional probation, he is now entitled to have new sentences imposed under the newly effective sentencing statutes. We disagree.

First of all, this court finds that the sentences were vacated and the case remanded for the *sole* purpose of holding a hearing to determine appellant's eligibility for conditional probation based on drug dependency. If the appellant was eligible, the sentences were to remain vacated so that appellant could enter an accepted drug treatment program while on probation. However, the trial court found appellant to be ineligible for the conditional (drug treatment) probation; thus, it properly reimposed the original sentences.

The first assignment of error is overruled.

"II. The court committed prejudicial error in not applying the provisions of Section 2941.25 of the Ohio Revised Code to two of the offenses for which the defendant was convicted."

Under this assignment, appellant argues that the convictions for uttering a bad check and for grand theft (of the property received as a result of uttering the bad check) were allied offenses under R.C. 2941.25. Appellant already argued this alleged error before this court, in his initial appeal, which this court overruled. *State* v. *Bush* (Sept. 22, 1983), Cuyahoga App. No. 46381, unreported, at page 5. Thus, that decision is *res judicata* and appellant may not raise that issue again in this appeal. This assignment of error is overruled.

"III. The court committed prejudicial error and an abuse of discretion in

finding the defendant to be ineligible for conditional probation.''

Appellant contends that the trial court abused its discretion in determining that he was ineligible for conditional probation pursuant to R.C. 2951.04 (B)(3). That subsection provides that a defendant must be eligible for probation pursuant to R.C. 2951.02 in order to also be eligible for conditional (drug treatment) probation. R.C. 2951.02[1] states that repeat offenders are ineligible for probation. Appellant has at least nine prior convictions, some for forgery and passing bad checks, and has violated his probation in at least three cases. Thus, the trial court, at the close of the hearing on conditional probation, found appellant to be ineligible for such probation.

Appellant argues that a defendant's present character may be such that he is not a repeat offender as defined by R.C. 2929.01 in spite of the fact that he has prior convictions. *State* v. *Wood* (1976), 48 Ohio App.2d 339 [2 O.O.3d 345].

R.C. 2929.01(A) provides, in part, as follows:

"As used in sections 2929.01 to 2929.51 of the Revised Code:

"(A) 'Repeat offender' means a person who has a history of persistent criminal activity, and whose character and condition reveal a substantial risk that he will commit another offense. It is prima-facie evidence that a person is a repeat offender if any of the following apply:

"* * *

"(3) Having been convicted of one or more theft offenses as defined in section 2913.01 of the Revised Code, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent theft offense;"

Thus, proof of prior convictions for theft offenses is only prima facie evidence that a defendant is a repeat offender. *Wood, supra,* at 346-347. To deny a defendant probation, the trial judge must also conclude that the defendant's character and condition are such that there is a substantial risk that he will commit another offense. *Wood, supra,* at 347. In *Wood,* this court gave as an example a defendant, who was convicted twenty years prior to the subsequent offense, and who committed no criminal offenses during those twenty years. *Id.* Such a defendant would technically be a repeat offender, but still eligible for probation due to an evaluation of his present character.

However, in the case at bar, appellant has been convicted numerous times and has previously violated his probation. These offenses have been committed continuously up until the present convictions. His long criminal history indicates that, in spite of his willingness to admit that he has a drug problem and that he needs treatment, he appears to be unable to refrain from committing further criminal offenses. Under these facts and circumstances, this court is unwilling to hold that the trial court abused its discretion in finding appellant ineligible for conditional (drug treatment) probation. The third assignment is overruled.

The judgment is affirmed.

*Judgment affirmed.*

NAHRA, P.J., and PATTON, J., concur.

---

[1] R.C. 2951.02 provides in relevant part:

"(F) An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"(2) The offender is a repeat offender or a dangerous offender, as defined in section 2929.01 of the Revised Code."