OPINION
In these consolidated appeals defendant-appellant challenges the trial court's finding that he is a sexual predator.
On August 8, 1991, defendant was indicted in Case No. CR-268652, on two counts of rape, one count of kidnaping, and one count of aggravated robbery, each with accompanying firearm specifications.[1]
Before the crimes, the victim was trying to repair her stalled vehicle when defendant came onto the scene, brandished a firearm, and forced her into his apartment, where he vaginally raped her on two separate occasions. He also stole her vehicle. This court affirmed his jury convictions and sentence on direct appeal inState v. Gerald Taylor, Jr. (Dec. 27, 1993), Cuyahoga App. No. 62692, unreported, Motion No. 50980 for reopening denied (May 23, 1994)
On July 22, 1997, the Ohio Department of Correction, Mansfield Correction Institution, sent a sexual predator screening report to the trial judge who presided over defendant's trial. The report stated that a screening of information revealed that defendant may be a sexual predator under newly adopted H.B. 180, codified at R.C. Chapter 2950.
The report specified that, at the time of the offense, defendant used illegal drugs to impair the victim or prevent her resistance by forcing her at gunpoint to smoke crack cocaine prior to the initial rape. The report also summarized defendant's decade of eight prior convictions comprised of escalating offenses of theft and violence. Apart from his conviction for two counts of rape, however, he had no other convictions for crimes involving sexual misconduct.
The trial court notified the parties and scheduled a hearing on the matter. Prior to the hearing, defendant filed a "motion for bill of particulars," a "request for evidence notice," a motion to dismiss the H.B. 180 proceedings, and a motion for discovery and to examine exculpatory and mitigatory material. Defendant's motion to dismiss raised a number of constitutional challenges to H.B. 180.
Defendant appeared with appointed counsel at the hearing. The trial court denied the motion to dismiss and explained the nature of the proceedings. The prosecutor and trial judge discussed the background of the case. Defense counsel's only statement was to request that all motions be incorporated into the record. The trial court found defendant to be a sexual predator.
Defendant timely appeals, raising eleven assignments of error in these consolidated appeals.[2] With the exception of the third assignment of error, this Court rejected these identical arguments on the substantially identical brief filed by the same counsel inState v. Ward (Jan. 28. 1999), Cuyahoga App. No. 72371, unreported.[3]
It is well established that when issues of law have been considered and rejected in prior cases, it is proper to summarily dispose of them when raised in a subsequent case. See State v.Poindexter (1988), 36 Ohio St.3d 1, syllabus. As a result, we reject defendant's first, second, and fourth through tenth assignments of error for the reasons set forth in Ward, supra.
Defendant's third assignment of error challenges the sufficiency of the evidence to support the trial court's finding that he was a sexual predator, as follows:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
This assignment is well taken.
Defendant contends that the record does not support the trial court's finding that he is a sexual predator. R.C. 2950.01 (E) provides that to be classified as a sexual predator, the person must (1) have "been convicted of or pleaded guilty to committing a sexually oriented offense" and (2) be "likely to engage in the future in one or more sexually oriented offenses." Defendant argues the record does not support this latter requirement. Under the circumstances, we are compelled to agree.
The Ohio Supreme Court reviewed the adequacy of the evidence to support a sexual predator finding in State v. Cook (1998),83 Ohio St.3d 404. The Court found that the defendant's "lengthy prior criminal history, drug and alcohol problems," and commission of three sexually oriented offenses against children within the span of three years supported a finding, by clear and convincing evidence, that defendant was "likely to engage in the future in one or more sexually oriented offenses." Id. at 426. The Supreme Court noted that the trial court's finding concerning defendant's likelihood of committing future sex offenses was supported by evidence contained in the guilty plea and sentencing hearings, a presentence investigation report, and a victim impact statement.Id. at 424-425.
The sexual predator hearing in the case at bar was more expedited so the record is less well developed and contains little concrete evidence. For example, unlike in Cook, the record in the case at bar contains no presentence report, no transcript of any proceedings in the case, and no direct evidence of the facts underlying his prior rape conviction. Nor are there any certified copies of defendant's prior convictions.
The sole document in the record supporting the trial court's finding is the sexual predator screening report. Frankly, the report contains a great deal of disturbing information. However, the author of the report is not identified, the document was not made under oath, and it does not identify the source of any information contained therein. Nor is there any information regarding defendant's behavior since his indictment in 1991. Cf.State v. Boyd (1984), 16 Ohio App.3d 407, 409. Under the circumstances, we believe that more evidence is required to find, under the clear and convincing standard, that defendant is likely to commit a sexually oriented offense in the future. As a result, we believe the matter should be remanded to the trial court, as inWard, for further consideration to substantiate its findings. Id.
at 8-15.
Accordingly, defendant's third assignment of error is well taken.
Defendant's eleventh assignment of error challenges application of the registration requirements to him, as follows:
 THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
This assignment lacks merit.
Defendant's remaining contention-that the trial court improperly imposed on him sexual predator registration requirements that became effective later — was also rejected by the Supreme Court in State v. Cook, supra. As noted in Cook, some provisions of H.B. 180, such as the R.C. 2950.09 sexual offender classification scheme, became effective January 1. 1997, whereas other provisions, such as the R.C. 2950.04 registration requirements, became effective six months thereafter on July 1. 1997. Id. at 406. However, the Cook Court applied both sets of requirements to a conviction for a sexually oriented offense that occurred before both effective dates.
R.C. 2950.04(A)(1) specifically applies the sexual predator registration requirements to offenders who are sentenced to prison terms such as defendant in the case at bar, "[r]egardless of when the sexually oriented offense was committed." State v. Hooks (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported, upon which defendant relies is distinguishable for precisely this reason. Because the defendant in Hooks was not sentenced to a prison term, he did not qualify for registration under R.C. 2950.04(A)(1). Nor did he commit multiple sexual offenses, so he was not a habitual sexual offender to which registration applied under R.C.2950.04(A)(3).
Accordingly, defendant's eleventh assignment of error is overruled.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and JAMES D. SWEENEY, J., CONCUR.
DIANE KARPINSKI, PRESIDING JUDGE
[1] A no bill was returned against defendant in the companion Case No. CR-270661.
[2] Appeal No. 73343 is from Case No. CR-268652 in which defendant was convicted, whereas Appeal No. 73342 is from the no bill Case No. CR-270661.
[3] In addition, the record shows that defendant never raised in the trial court his claims that H.B. 180 was unconstitutionally vague or constituted an impermissible bill of attainder. Thus, such claims are waived. State v. Awan (1986), 22 Ohio St.3d 120.