DECISION AND JOURNAL ENTRY
Appellant-defendant Darryl Leon Miller appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms.
On November 25, 1997, Miller was indicted on one count of engaging in a pattern of corrupt activity, in violation of R.C.2923.32(A)(1); three counts of trafficking in cocaine, in violation of R.C. 2925.03(A); one count of trafficking in heroin, in violation of R.C. 2925.03(A); and two counts of possession of drug abuse paraphernalia, in violation of R.C. 2925.14(C)(1). On December 31, 1998, the court amended count four, trafficking in cocaine, "to reflect more than 500 grams but not less than 1000 grams." Miller pleaded guilty to all seven counts as amended.
Subsequently, Miller sent a letter to the trial court stating that his "motivation in this compendium is only put forth because my life is detrimentally at risk of 11 years." Attached to the letter was a motion to "withdraw admission to sufficient facts/guilty plea." On the day of sentencing, March 12, 1999, the court filed Miller's letter and motion and held a hearing on Miller's motion to withdraw his guilty plea. The motion was denied, and the court sentenced Miller accordingly.
Miller timely appeals, asserting three assignments of error. This Court will first address Miller's ineffective assistance of counsel claim set forth in his second assignment of error because it has ramifications on his first assignment of error.
Assignment of Error No. II
 WHETHER THE APPELLATE COURT MUST REVERSE AND REMAND THE DECISION OF THE TRIAL COURT BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL.
In his second assignment of error, Miller contends that the trial court erred in denying his motion to withdraw his guilty plea because he was denied effective assistance of counsel. To prevail on this claim, Miller must first show "`that counsel's performance was deficient.'" State v. Xie
(1992) 62 Ohio St.3d 521, 524, quoting Strickland v.Washington (1984), 466 U.S. 668, 687. Second, Miller "`must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *.'"Id., quoting Hill v. Lockhart (1985), 474 U.S. 52, 59106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210.
In his "motion to withdraw admission to sufficient facts guilty plea" Miller argued that, because his counsel erroneously advised him that if he proceeded to trial he would receive a forty year sentence, his plea was involuntary. At the evidentiary hearing on his motion, Miller refused to testify or call witnesses to support his written motion.
Miller has failed to satisfy the standards of the test for ineffective assistance of counsel. To satisfy the second prong of the test, Miller must show that he would not have pleaded guilty if his attorney's advice had been correct. Although Miller alleged this fact in his motion, he did not attempt to make this showing at the hearing to vacate his plea. As previously noted, Miller did not present any evidence at the hearing. The trial court considered Miller's contention as "simply a change of heart" which "is not a legitimate basis for withdrawal of a plea."
This Court declines to second-guess the trial court's findings on this question. "The trial court was in a better position to evaluate the motivations behind the guilty plea than is an appellate court which is only reviewing a record of the hearing." Xie, supra, at 525, citing State v. Smith (1977),49 Ohio St.2d 261. This Court finds no error in the trial court's decision to deny Miller's motion to withdraw his plea based on ineffective assistance of counsel.
Accordingly, Miller's second assignment of error is overruled.
Having determined that the trial court did not error in implicitly finding that Miller's plea was not a result of ineffective assistance of counsel, this Court turns to Miller's first assignment of error:
Assignment of Error No. I
 THE JUDGMENT OF CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE APPELLANT SHOULD HAVE BEEN PERMITTED TO WITHDRAW HIS GUILTY PLEA.
Miller argues that his conviction should be reversed because it is against the manifest weight of the evidence. Miller further asserts that his plea was not knowingly, voluntarily, and intelligently made, and therefore the trial court erred in denying his motion to withdraw his guilty plea. This Court disagrees.
Miller's contention that his conviction should be reversed because it is against the manifest weight of the evidence is meritless — there is no evidence to be weighed when a defendant pleads guilty. This is because a guilty plea "is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). "When there is no trial, due to defendant's admission of guilt, the trial court is not required, under the Ohio Rules of Criminal Procedure, to determine whether a factual basis exists to support the guilty plea prior to entering judgment on that plea." Statev. Boynton (Aug. 14, 1997), Cuyahoga App. No. 71097, unreported, citing State v. Wood (1976), 48 Ohio App.2d 339.
Miller's averment that the trial court committed reversible error in denying his motion to withdraw his guilty plea is also not well taken. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Xie, supra, at paragraph two of the syllabus. The Ohio Supreme Court has explained:
 "Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *"
Id. at 526, quoting Barker v. United States (C.A.10, 1978),579 F.2d 1219, 1223.
The record reflects that the trial court held a hearing at which it carefully considered Miller's motion and all the circumstances surrounding the plea before denying Miller's motion. This Court is unable to conclude that the trial court abused its discretion in denying Miller's plea. Consequently, Miller's first assignment of error is overruled.
Assignment of Error No. III
 WHETHER THE APPELLATE COURT SHOULD REVERSE BASED UPON THE APPELLANT SETTING FORTH CERTAIN PRO S.E. ASSIGNMENTS OF ERROR.
This Court is unable to decipher Miller's third assignment or error, which consists of some forty-four pages of single spaced handwritten notations — some of which are upside down. Further, some of the writings appear to be copies of letters Miller sent to his appellate counsel. "[I]t is not the duty of this Court to create [Miller's] arguments * * * and search the record for evidence to support them." Sisson v. OhioDept. of Human Serv. (Apr. 19, 2000), Medina App. No. 2949-M, unreported. Miller's third assignment of error is overruled.
The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ DONNA J. CARR
FOR THE COURT BATCHELDER, P.J., WHITMORE, J., CONCUR