OPINION
Defendant-appellant, Andre Caldwell, appeals the trial court's judgment and sentence imposed after appellant pled guilty to possession of cocaine pursuant to R.C. 2935.11(A). We affirm the trial court's decision.
On April 21, 1998, appellant was indicted on three counts involving illegal drugs. Count One of the indictment charged appellant with trafficking in cocaine pursuant to R.C. 2925.03(A) with a major drug offender specification pursuant to R.C. 2941.1410. Count Two charged appellant with possession of cocaine pursuant to R.C. 2925.11(A) and also included a major drug offender specification. Count Three charged appellant with permitting drug abuse pursuant to R.C. 2925.13(A).
On July 30, 1998, as a result of a negotiated plea agreement, appellant pled guilty to possession of cocaine in violation of R.C. 2925.11(A). The trial court held a sentencing hearing on September 18, 1998 and sentenced appellant to a mandatory prison term of six years and a $20,000 fine pursuant to R.C. 2929.18(B)(1). Appellant's driver's license was also suspended for five years pursuant to R.C. 2903.06(B) and R.C. 4507.16.
On April 12, 1999, appellant filed a request for post- conviction relief. The trial court overruled the motion on May 21, 1999. Appellant then filed a motion for arrest of judgment that was dismissed by the trial court as untimely. Although the motion was dismissed, appellant filed a motion for summary judgment, requesting findings of fact and conclusions of law and requesting summary judgment on the motion for arrest of judgment. The motion was denied by the trial court based on the dismissal of the previous motion and because summary judgment is not applicable in criminal cases.
On August 20, 1999, appellant filed a motion for a delayed appeal, which was granted by this court. The case is now before us on appellant's delayed appeal of the trial court's judgment entered on September 18, 1998. In his appeal, appellant raises six assignments of error for our review.
In his first assignment of error, appellant contends that his plea should be set aside because it was not entered into knowingly, intelligently and voluntarily. In a criminal case, a plea must be made "knowingly, intelligently, and voluntarily." State v. Engle (1996),74 Ohio St.3d 525, 527. "Failure on any of these points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent and voluntary is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 272. Additionally, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. State v. Nero (1990), 56 Ohio St.3d 106. The test is whether the plea would have otherwise been made. Id.
Appellant argues that his plea was not voluntarily and intelligently made because he did not fully understand the consequences of the plea negotiations at the time the plea was entered. He argues that he was advised by his attorney that he would receive three years and a mandatory fine of $10,000 and that he was never aware at any time that he was facing a mandatory fine of $20,000 and a six year sentence.
Appellant's argument on appeal is contradicted by his statements made at the plea hearing. The transcript of the plea hearing shows that the prosecutor informed the trial court that in return for appellant's guilty plea to drug possession, the state would nolle the trafficking and permitting drug abuse charges and the major drug offender specifications. The trial court then stated that it had agreed that the maximum sentence it would impose in this case would be nine years. The trial court further stated that it had not made a determination as to the length of the sentence, other than in no event would it be greater than nine years.
The trial court then engaged appellant in a series of questions designed to determine if appellant understood the consequences of pleading guilty. Appellant answered that he had not been coerced into making the plea, and that he had not been promised anything other than what the trial court had initially stated regarding the plea agreement.
The trial court next discussed a plea agreement signed by appellant which stated that appellant was pleading guilty to possession of cocaine, a first degree felony carrying a possible ten year prison sentence and a maximum fine of $20,000, a mandatory prison sentence and a mandatory fine of $10,000. Appellant indicated that he read the document before he signed it and that he understood the contents. After the charges were read, the trial court then went through the plea document carefully with appellant to again make sure that appellant fully understood its contents. The trial court again specifically reiterated that appellant was facing a mandatory prison term, which could be up to ten years, and a mandatory fine of $10,000, which could be up to $20,000. Appellant once again indicated that he understood the statement.
The trial court then explained other matters to appellant, such as the rights he would be waiving by pleading guilty. Appellant stated that he did not have any questions regarding the guilty plea. The trial court then asked appellant what his plea to "possession of crack cocaine under count two, a first degree felony, which carries a three to ten year prison sentence and a fine of $10,000 to $20,000" was at that time. Appellant answered that his plea was "guilty." The trial court then accepted appellant's guilty plea.
We find the transcript of the plea hearing establishes that appellant's plea was entered into voluntarily, knowingly and intelligently. The trial court initially explained to appellant that it had not determined the length of the sentence it would impose, other than agreeing to not more than nine years. The trial court then painstakingly explained to appellant three times the possible prison terms and fines which could result from his guilty plea. In addition, appellant signed and indicated he understood a document regarding the terms of his plea that stated the fines and prison terms in writing. Contrary to appellant's assertions on appeal, appellant was fully advised of the possible terms of his sentence numerous times. Appellant's first assignment of error is overruled.
Appellant's second assignment of error challenges the manifest weight and the sufficiency of the evidence to convict. Specifically, appellant argues that no money was recovered, no fingerprints, no search warrant, no affidavit by the informant and no actual, constructive or "imminent domain" was established.
Appellant's argument is without merit because there is no evidence to be weighed when a defendant pleads guilty. This is because a guilty plea "is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). By pleading guilty, a defendant waives the right to make the state prove his guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c). "When there is no trial, due to defendant's admission of guilt, the trial court is not required, under the Ohio Rules of Criminal Procedure, to determine whether a factual basis exists to support the guilty plea prior to entering judgment on that plea." State v. Boynton (Aug. 14, 1997), Cuyahoga App. No. 71097, unreported, citing State v. Wood (1976),48 Ohio App.2d 339.
In this case, appellant cannot raise questions of sufficiency of the evidence and manifest weight of the evidence because by pleading guilty he has admitted that he committed the crimes. His plea thus provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant contends that the indictment was invalid and ineffective. Crim.R. 7(B) provides the requirements for an indictment:
 The indictment shall be signed in accordance with Crim.R. 6(C) and (F) and contain a statement that the defendant has committed a public offense specified in the indictment. *** The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. Each count of the indictment or information shall state the numerical designation of the statute that the defendant is alleged to have violated.
 Appellant does not elaborate on how the indictment in this case was invalid and ineffective other than to argue that the indictment is the same as the Bill of Particulars. We have carefully reviewed the indictment issued in this case and find that it contains all information required by Crim.R. 7(B). The fact that the Bill of Particulars is identical to the indictment is irrelevant. Appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant contends that the trial court failed to follow the proper sentencing provisions. He argues that the trial court did not make the proper findings pursuant to R.C.2929.14(B) to sentence him to more than the minimum sentence.
R.C. 2929.14(B) states:
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense *** unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 At the sentencing hearing, the trial court noted the current charges were not appellant's first contact with the legal system. The court noted that at the time of the offense, appellant was on parole after serving a federal prison term for a similar offense involving a significant amount (one kilogram) of cocaine.
Although appellant argues that the trial court did not state on the record the reasons for imposing more than the minimum sentence, the trial court was not required to do so because the requirement only applies when the offender "previously has not served a prison term." Although appellant argues in his reply brief that he was a first time offender under the laws of Ohio, we find no reason to differentiate a previous prison term served in a federal prison from one served in an Ohio prison. Appellant's fourth assignment of error is overruled.
In his fifth assignment of error, appellant contends that the trial court erred in overruling his motion to suppress evidence. However, it is well-established that a plea of guilty waives any errors by the trial court in failing to suppress evidence. State v. Elliot (1993),86 Ohio App.3d 792, 795; Huber Heights v. Duty (1985), 27 Ohio App.3d 244. Since appellant pled guilty to the charge, he cannot argue on appeal that the trial court erred in denying his motion to suppress. Accordingly, appellant's fifth assignment of error is overruled.
In his sixth assignment of error, appellant contends that he was denied effective assistance of counsel. Appellant argues that we should view trial counsel's performance based on the totality of the performance based on the "reasonable expectancy of a retained ten thousand dollar attorney." Appellant argues generally that his trial counsel should have raised several issues, such as a motion to suppress, entrapment defense, credibility of an informant, bill of particulars, identity and lack of fingerprints. He argues that if his counsel had put on a better defense, he would have insisted on a trial.
To decide appellant's claim of ineffective assistance of counsel, we must apply the two-tier test of Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. First, appellant must show that counsel's actions were outside the wide range of professionally competent assistance. Second, appellant must show that he was prejudiced as a result of counsel's actions. Id. at 689. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy and falls within the wide range of professional assistance. State v. Bradley_(1989), 42 Ohio St.3d 136,142, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
It is well-established that a guilty plea waives the right to claim that the accused was prejudiced by ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. State v. Spates (1992),64 Ohio St.3d 269, 272-73. In order to prove a claim of ineffective assistance of counsel in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart (1995), 474 U.S. 52, 59, 106 S.Ct. 366, 370.
We have already determined that appellant's guilty plea was made knowingly, intelligently and voluntarily in compliance with Crim.R. 11. With regard to counsel's performance, we note that, contrary to appellant's argument, a motion to suppress statements made by the defendant was filed by counsel and a hearing on the motion was held. However, the hearing revealed that no custodial statements were made by appellant and the motion was denied.
Appellant argues that counsel should have filed a motion to suppress the drugs because there was no actual or constructive possession. Appellant gives no further information regarding how police found the drugs or why there was no actual or constructive possession. Accordingly, we find counsel's decision not to attempt to suppress the drugs was the product of trial strategy and was not ineffective. SeeState v. Proctor (May 14, 2001), Warren App. CA2000-06-059, unreported. The remaining issues raised by appellant all either related to issues that would have been appropriate to raise at trial, not pretrial, or were issues of strategy. Thus, we find that counsel's performance was not deficient.
In addition, although appellant now argues that he would not have plead guilty and would have taken the case to trial, at the plea hearing appellant indicated that he was satisfied with the advice of counsel. Trial counsel negotiated a plea that was very favorable to appellant. As mentioned above, in return for appellant's guilty plea, charges for trafficking and permitting drug abuse were dismissed, along with two major drug offender specifications. Other than appellant's self-serving statements, nothing in the record indicates there is a reasonable probability that appellant would not have pled guilty and would have taken the case to trial. Appellant's sixth assignment of error is overruled.
Judgment affirmed.
VALEN and POWELL, JJ., concur.