OPINION
This is an appeal from the judgment of the Seneca County Common Pleas Court which accepted Defendant-Appellant, Deborah Howe's (Howe) guilty pleas and sentenced her to 16 years in prison.
On July 25, 2001, Howe was indicted on seven felonies relating to her involvement in the July 16, 2001, robbery of "The Gallery Store" in Tiffin, Ohio. On December 5, 2001, Howe, represented by counsel, plead guilty to one count each of Robbery, Complicity to Aggravated Robbery, Possessing Criminal Tools, and Tampering with Evidence. During the plea hearing, the trial court engaged Howe and her counsel, Kent Nord, in the following dialogue regarding her competency to enter a plea:
"The Court: Are you under the influence of any alcohol?
"Ms. Howe: No, Sir.
"The Court: Under the influence of any drugs?
"Ms. Howe: No, Sir.
"The Court: Are you taking any medications?
"Ms. Howe: No, I'm not
"The Court: Do you believe you think clearly today?
"Ms. Howe: Yes, Sir, I do.
"* * *
"The Court: Mr. Nord, are you satisfied your client is competent to understand her change of plea from not guilty to guilty in this case?
"Mr. Nord: I am, your Honor."
After the trial court read the pertinent counts of the indictment to Howe, she admitted her guilt to each count individually. Additionally, the trial court found on the record that there was a legal and factual basis for the pleas of guilty. Finally, the trial court found, "for the record that the defendant knows and understands her legal and constitutional rights" and that the defendant "knowingly, voluntarily and freely entered her plea of guilty to counts one, two, five and seven of the indictment." Consequently, the trial court accepted Howe's guilty pleas.
On December 18, 2001, Howe appeared for sentencing. When given the opportunity to speak, Howe asserted several defenses to her involvement in the robbery. Thereafter, the trial court sentenced Howe to serve consecutive sentences of seven and nine years in prison. Howe now appeals asserting two assignment of error. The first assignment of error asserts:
 The plea of guilty rendered by the Defendant-appellant was involuntary and should not have been accepted by the trial court.
A court cannot accept a plea of guilty without first addressing the defendant personally and determining that the plea is made voluntarily with an understanding of the maximum penalty involved. Crim.R. 11(C)(2)(a).
When considering whether the trial court has adhered to these requirements, the reviewing court must consider whether the trial court has substantially complied with these provisions. State v. King (Aug. 23, 2000), Auglaize App. No. 2-2000-11. "Substantial compliance" means, "under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving."Id. (quoting State v. Nero (1990), 56 Ohio St.3d 106, 108).
In this case, the trial court engaged Howe in a lengthy discussion regarding the charges that she was pleading guilty to, the rights she would be waiving by pleading guilty, and the possible sanctions that could be imposed. Additionally, during the plea hearing, the trial court repeatedly asked Howe whether she understood the trial court's statements and further explained anything that Howe claimed she did not understand.
Howe argues that the trial court should not have accepted her guilty plea because there was an indication that she was not competent at the hearing based on Howe's visits with a psychiatrist. However, as quoted above, the trial court established that Howe was not under the influence of any drugs or alcohol and that Howe was thinking clearly at the time she entered her plea. Howe further argues that she asserted her innocence at the sentencing hearing which demonstrates that Howe did not voluntarily and intelligently enter her plea. However, those were self-serving comments made only at the sentencing hearing and there is nothing in the record of the plea hearing to suggest that defendant did not enter her plea knowingly, intelligently and voluntarily. Accordingly, under the totality of the circumstances, the trial court substantially complied with Crim.R. 11(C), and Howe's first assignment of error is overruled.
Howe's second assignment of error asserts:
 The trial court erred as a matter of law when it accepted the Defendant-appellant's plea based on fact[s] which did not support the indictment.
While Howe argues that the trial court had a duty to investigate the facts to determine whether the facts supported the indictment, a trial court is not required to give a factual basis for the charges when accepting a plea of guilty which is free from claims of innocence. Statev. Wood (1976), 48 Ohio App.2d 339; State v. Pelland (Nov. 8, 2000), Defiance App. No. 4-2000-13.[1] Therefore, Howe's second assignment of error is also overruled.
Based on the foregoing, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and WALTERS, JJ., concur.
[1] When a defendant pleads guilty while at the same time maintaining innocence, otherwise known as an Alford Plea, the trial court has a heightened duty which requires the trial court to investigate the facts behind the indictment. State v. Scott (Feb. 28, 2001), Seneca App. No. 13-2000-34.