JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant, Dr. Haradhan Banerjee, was indicted on twelve counts of drug trafficking in violation of R.C. 2925.03. He appeals the trial court's denial of his motion to withdraw his guilty plea to three counts of trafficking in narcotics, a fifth degree felony.
 {¶ 2} He states one assignment of error:
 {¶ 3} The trial court erred when it denied Appellant's motion to withdraw guilty plea.
 {¶ 4} Defendant alleges that because no one at his plea hearing named the drugs he allegedly trafficked in that he was not aware of the nature of the charges against him. Specifically, defendant claims no one at his plea hearing actually read verbatim the indictments to which he pleaded and no one named the three drugs listed in the first three counts of the indictment:[1]
 {¶ 5} Crim.R. 11 explains the colloquy a trial court must engage in when taking a guilty plea. The court is required to determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges * * *." "[I]f the defendant states that he understands the offense against him and can state in general terms what that offense is, he is aware of the nature of the crime charged." Statev. Philpott (Dec. 14, 2000), Cuyahoga App. No. 74392, 2000 Ohio App. LEXIS 5849, at *6 (emphasis added), citing State v. Olds (June 8, 2000), Cuyahoga App. No. 76240. In Olds, when the defendant was able to state that he had assaulted a police officer, this court ruled that he had sufficient knowledge of the nature of the crime.
 {¶ 6} In the case at bar, defendant is charged with trafficking in drugs in violation of R.C. 2925.03,[2] which states in pertinent part:
 {¶ 7} No person shall knowingly do any of the following:
 {¶ 8} Sell or offer to sell a controlled substance * * *.
 {¶ 9} Defendant conceded at his plea hearing that he provided to his patients drugs which they otherwise would have obtained on the street. At the hearing no one named, however, the specific drugs stated in the first three counts of the indictment. Copies of the prescriptions defendant is charged as providing illegally are included in the court file. The bill of particulars indicated that between June 23, 1999 and September 1, 1999 defendant wrote the following prescriptions: one for Ambien; two for Vicoprofen; three for Valium, one of which was in a bulk amount; one for Lortab; one for a bulk amount of Hydrocodone; one for a bulk amount of Dilaudid; and one for Phensdyl.
 {¶ 10} On a number of these prescriptions, defendant had written warnings or other messages. For example, on two prescriptions for Vicoprifen, he wrote that the drug "is a temporary measure"; on a third one for Vicoprofen, "only when you have insomnia"; and on another for Vicoprofen, "if pain keeps you awake. It is a limited time treatment." On the prescription for Lortab, he wrote, as needed "when craving severe during the withdrawal phase"; on the Dilaudid prescription, "when desperately needed. This is only a temporary measure." On a Valium prescription, he wrote, "only for craving needs. Must be under close surveillance." On another for Valium, he wrote, "strictly * * * temporary * * *."
 {¶ 11} The prosecution presented exhibits of the prescriptions defendant wrote. These prescriptions name each drug listed in the indictment. Defendant never denied writing those prescriptions. Defendant was a licensed physician whose education certainly provided him with a clear understanding of the nature of the drugs he had prescribed and the dangers they presented to those who consumed them. What he wrote on those prescriptions demonstrates that understanding. He cannot now claim to be confused concerning which drugs he admitted he provided.
 {¶ 12} At the plea hearing, defendant asked the prosecutor to clarify the meaning of "bulk amount." His question showed he was not passive at the plea hearing. If he were uncertain what drugs he was being charged with prescribing, it is difficult to understand why he would question "bulk amount" but not the specific drugs.
 {¶ 13} Indeed, at that hearing, defendant stated in his defense: "I did not give [the drugs] to an addicting amount, but to keep the patient from being killed on the street, because they are dealing in such illegal drugs." His focus at the plea hearing was on his motive. Defendant admitted prescribing the drugs; his defense was only that his motive was benevolent.
 {¶ 14} Finally, defendant's counsel told the court that he and defendant had discussed the terms of the plea agreement thoroughly and that defendant clearly understood it. "The court's determination that the defendant understands the charge can be based on the surrounding circumstances, such as recitations of discussions between the defendant and his attorney." State v. Swift (1993), 86 Ohio App.3d 407, 412, cited in State v. Singh
 {¶ 15} See, also, State v. Yanez (2002), 1250 Ohio App.3d 510. Counsel's discussions with defendant indicate defendant was aware of the charges he was pleading to.
 {¶ 16} Defendant's active role at the plea hearing, his professional expertise regarding drugs, and the statement by counsel establish sufficient circumstances for the court to determine defendant understood his charges.
 {¶ 17} Defendant also argues in his brief that there was no factual basis for his plea and that therefore he must be allowed to withdraw it. This argument must fail. "When there is no trial, due to defendant's admission of guilt, the trial court is not required, under the Ohio Rules of Criminal Procedure, to determine whether a factual basis exists to support the guilty plea prior to entering judgment on that plea." Statev. Boynton (Aug. 14, 1997), Cuyahoga App. No. 71097, 1997 Ohio App. LEXIS 3675, at *2, citing State v. Wood (1976), 48 Ohio App.2d 339,357 N.E.2d 1106, syllabus.
 {¶ 18} The judgment is affirmed.
Judgment affirmed.
Sean C. Gallagher, and Anthony O. Calabrese, Jr., JJ., concur.
[1] Count one specified Ambien, a Schedule IV drug. Count two states the drug was Vicoprofen, and count three that the drug was Valium.
[2] Although the statute excludes physicians except as determined by regulations, that is, rules promulgated to govern the proper prescribing of controlled substances, defendant does not dispute that the amount and nature of the drugs he provided violated the law. He implicitly concedes, therefore, that the prescriptions exceeded the amount permitted in the regulations.