OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant Dannie Yates appeals the decision of the Belmont County Court of Common Pleas denying his petition for habeas corpus relief. Because there existed alternative remedies for Yates' to challenge his conviction and sentence and because of Yates' failure to successfully attack the jurisdiction of the trial court, the trial court properly dismissed Yates' petition for habeas relief.
 {¶ 2} On October 20, 2002, pursuant to a complaint filed in the Akron Municipal Court, Yates was arrested and later indicted by a grand jury. On September 26, 2003, Yates entered into a plea bargain and pled no contest to burglary, a lesser included offense of his indictment. He was found guilty and sentenced to four years in the Noble County Correctional Institution.
 {¶ 3} On September 15, 2004, Yates filed a petition for habeas corpus with the trial court. In response, Warden Michele Eberlin filed a 12(b)(6) motion to dismiss. Soon after, Yates filed a response to the Warden's motion. On December 16, 2004, the trial court dismissed the petition with prejudice based upon Yates' failure to allege proper grounds upon which habeas relief could be granted.
 {¶ 4} "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. A habeas claim will be subject to dismissal under Civ. R. 12(B)(6) when the prisoner's allegations are such that, even if construed in a light most favorable to him, they are insufficient to show that the prisoner will be able to prove a set of facts indicating that the trial court did not have jurisdiction to render the conviction. Schrock v. Gansheimer, 11th Dist. No. 2002-A-0003, 2002-Ohio-2666, at ¶ 4.
 {¶ 5} In his petition for habeas relief, Yates argued that he was denied both due process and equal protection of the law when, charged with a felony offense, he was not given a preliminary hearing pursuant to Crim. R. 5. At first glance, it appears Yates could be entitled to habeas relief as he claims the trial court had no jurisdiction to either convict or sentence him after his deprivation of a preliminary hearing. However, Yates provides no valid explanation as to why the failure to provide a preliminary hearing would deprive the trial court of jurisdiction over his case. Rather, his argument appears more to be "directed at alleged irregularities in the proceedings and not to the jurisdiction of the court and matters which would render the conviction void." Cantrell v.Maxwell (1962), 174 Ohio St. 51, 52.
 {¶ 6} Habeas corpus is an extraordinary civil remedy to obtain freedom from illegal detention. It is not available if the petitioner has a plain and adequate remedy in the ordinary course of the law. State ex rel.Hunter v. Certain Judges of the Akron Mun. Court (1994), 71 Ohio St.3d 45;State ex rel. Hunter v. Patterson (1996), 75 Ohio St.3d 512. Yates could have challenged the alleged failure to conduct a preliminary hearing via some remedy other than habeas, specifically in a direct appeal of his conviction and sentence.
 {¶ 7} The Ninth District dealt with this very issue in a direct appeal in State v. Zaffino (Dec. 31, 2003), 9th Dist. No. 21514 stating:
 {¶ 8} "At the outset, we note that the purpose of a preliminary hearing is not to determine guilt or innocence. White v. Maxwell (1963),174 Ohio St. 186, 188, 187 N.E.2d 878, certiorari denied, 375 U.S. 880,84 S.Ct. 151, 11 L.Ed.2d 112. Rather, "[t]he only purpose of a preliminary hearing is to determine whether sufficient facts exist to warrant the court in binding the accused over to the grand jury[.]" State v.Wigglesworth (1969), 18 Ohio St.2d 171, 248 N.E.2d 607, paragraph one of the syllabus; see, also, State v. Morris (1975), 42 Ohio St.2d 307, 325-26,329 N.E.2d 85. Consequently, `once an indictment has been returned by the grand jury, a preliminary hearing before a magistrate is no longer necessary.' Wigglesworth, 18 Ohio St.2d 171, 248 N.E.2d 607, paragraph one of the syllabus.
 {¶ 9} "Further, any dismissal resulting from exceeding the time limits of Crim. R. 5(B) or R.C. 2945.73 is not self-executing. Rather, the defendant must take `some timely and proper action' to secure such a dismissal. State v. Wood (1976), 48 Ohio App.2d 339, 342,357 N.E.2d 1106. A motion to dismiss for failure to hold a timely preliminary hearing `should be made initially at the level where something can be done about it before a grand jury returns an indictment. State v.Whipple (Jan. 2, 1983), 1st Dist. No. C-820206." Id. at 2.
 {¶ 10} In light of the alternative remedy available to Yates to challenge the trial court's alleged failure to hold a preliminary hearing via direct appeal, the trial court properly dismissed Yates' petition for habeas relief. Accordingly, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.