OPINION
{¶ 1} Appellant, Eric Rivers, appeals from the July 29, 2003 judgment entry of the Trumbull County Court of Common Pleas, in which he was sentenced for aggravated robbery, kidnapping, and having weapons while under disability.
 {¶ 2} On February 13, 2002, appellant was indicted by the Trumbull County Grand Jury on one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1) and (C), with a firearm specification in violation of R.C. 2941.145; four counts of kidnapping, felonies of the first degree, in violation of R.C. 2905.01(A)(2) and (C), with firearm specifications in violation of R.C. 2941.145; and one count of having weapons while under disability, a felony of the fifth degree, in violation of R.C. 2923.13(A)(3) and (C).
 {¶ 3} On March 1, 2002, appellant was arraigned and entered a plea of not guilty. However, pursuant to a joint plea agreement, on July 23, 2003, appellant entered a plea of guilty on all six counts.
 {¶ 4} On February 4, 2002, appellant, along with two accomplices, entered the Seven Seventeen Credit Union ("bank") in Hubbard, Ohio, armed with firearms and wearing masks on their faces. While appellant's accomplices jumped the counter and ordered the bank manager to various locations inside the building, appellant was stationed at the door. Appellant grabbed a customer who was entering the bank, pointed a gun at him, and dragged him across the floor. Appellant also removed and/or restrained the liberty of four individuals in order to facilitate the commission of the felony. Appellant and his accomplices later left the bank, were chased by police, and ultimately apprehended in Howland Township, Ohio.
 {¶ 5} Pursuant to its July 29, 2003 judgment entry, the trial court sentenced appellant to serve a prison term of six years on count one, aggravated robbery, plus three years on the firearm specification, to be served prior to the sentence imposed in count one; six years each on counts two, three, four, and five, kidnapping with a firearm specification, to be served concurrently to each other but consecutive to the sentence imposed on count one; and eleven months on count six, having weapons while under disability, to be served concurrently to the sentences imposed on counts two, three, four, and five, but consecutive to the sentence imposed on count one. The firearm specifications on counts two, three, four, and five, merged with the firearm specification in count one, for a total aggregate sentence of fifteen years.[1] It is from that judgment that appellant filed a notice of appeal and makes the following assignment of error:[2]
 {¶ 6} "The trial court's imposition of consecutive sentences upon appellant is contrary to law."
 {¶ 7} In his sole assignment of error, appellant argues that the trial court erred in imposing consecutive sentences upon him. Appellant stresses that he did not agree to his sentencing. Appellant alleges that the trial court erroneously concluded that the sentence was agreed to, and that the trial court imposed the consecutive sentences without explaining its reasoning.
 {¶ 8} R.C. 2953.08(D) provides that: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. * * *"
 {¶ 9} In the case sub judice, because appellant's sentence was imposed pursuant to a joint plea agreement, it is not reviewable according to R.C. 2953.08(D). The record indicates that appellant freely and knowingly entered into the plea agreement. In State v. Salsgiver (Aug. 10, 2001), 11th Dist. No. 2000-T-0048, 2001 Ohio App. LEXIS 3529, at 5, quotingState v. Bristow (Jan. 29, 1999), 3d Dist. No. 3-98-21, 1999 Ohio App. LEXIS 941, at 6, we stated that: "a `jointly recommended sentence is authorized by law and not subject to appellate review if the prison term imposed does not exceed the maximum term prescribed by statute for each offense.'"
 {¶ 10} Here, appellant jointly recommended the sentence imposed by the sentencing judge. Pursuant to the plea agreement, which was signed by appellant, appellant's counsel, and the prosecutor, appellant stipulated that he had served a prior prison term; that consecutive prison terms are necessary to protect the public from future crime or to punish him; that consecutive sentences are not disproportionate to the seriousness of his conduct and the danger he poses to the public; and that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.
 {¶ 11} In addition, page six of the plea agreement provides that:
 {¶ 12} "The State and [appellant] expressly agree to the following sentence:
 {¶ 13} "On [c]ount [o]ne, [appellant] to be sentenced to six (6) years on the principal offense and three (3) years on the firearm specification, which will be served prior to and consecutive to the sentence imposed on the principal offense. On [c]ounts [t]wo, [t]hree, [f]our and [f]ive, [appellant] to be sentenced to six (6) years on each count, to be served concurrently to each other but consecutively to the sentence imposed on [c]ount [o]ne. On [c]ount [s]ix, [appellant] to be sentenced to eleven (11) months, to be served concurrently to the sentences imposed on [c]ounts [t]wo, [t]hree, [f]our and [f]ive, but consecutively to the sentence imposed on [c]ount [o]ne. The firearm specification on [c]ounts [t]wo, [t]hree, [f]our and [f]ive will merge with the firearm specification in [c]ount [o]ne. The total aggregate sentence is fifteen (15) years[.]"
 {¶ 14} At sentencing, appellant indicated to the trial court that he had discussed the plea agreement with his counsel and understood the consequences of his actions. Appellant said that he understood that by pleading guilty, he was giving up his right to trial as well as his right to appeal. After stating that he understood the charges and the jointly recommended sentence, appellant complained that fifteen years was a long time to spend in prison since he did not kill anybody during the course of the robbery. Appellant felt that it was unfair to receive a fifteen year sentence like his two codefendants, and preferred a sentence of ten years instead. The trial court asked appellant if he wished to enter a plea. Appellant replied that he did and entered a plea of guilty. The prosecutor reminded appellant that he was welcome to go to trial. The trial court asked appellant a second time how he was pleading. Appellant responded that he was guilty without further discussion. The trial court then adopted the joint plea proposal and sentenced appellant in accordance with the foregoing written and signed plea agreement.
 {¶ 15} Appellant's sentence, which was imposed by a sentencing judge, is authorized by law. Again, the judge imposed six year sentences for the five first degree felonies which are well within the maximum statutory limits of ten years. R.C. 2929.14(A)(1). Also, appellant's eleven month sentence on count six is within the twelve month maximum on a fifth degree felony. R.C. 2929.14(A)(5). In addition, the judge properly imposed three year firearm specifications to be added to the principal offenses in count one, aggravated robbery, and counts two, three, four, and five, kidnapping. R.C. 2941.145. As such, since the judge sentenced within the statutory parameters, appellant's sentence is authorized by law.[3]
 {¶ 16} Appellant correctly states that at the sentencing hearing, generally, the trial court must make its statutorily enumerated findings pursuant to R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) and give reasons supporting those findings before imposing consecutive sentences. SeeState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. A review of the sentencing transcript establishes that the trial court complied with Comer, supra, in sentencing appellant to consecutive sentences. However, we must note that appellant fails to recognize the effect of a jointly recommended sentence pursuant to R.C.2953.08(D). Since the trial court adopted the parties' recommended sentence for consecutive terms of incarceration, it was not required to state its findings on the record at the sentencing hearing. State v.McDowell, 11th Dist. No. 2001-P-0149, 2003-Ohio-5352, at ¶ 47.
 {¶ 17} For the foregoing reasons, appellant's sole assignment of error is not welltaken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Grendell, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] Appellant agreed to this jointly recommended sentence in his plea agreement.
[2] Appellant filed a motion for leave to file a delayed appeal pursuant to App.R. 5(A). This court granted appellant's motion on February 6, 2004.
[3] Appellant submitted supplemental authority of his intent to rely onBlakely v. Washington (2004), 124 S. Ct. 2531, at oral arguments. However, Blakely has no application here since appellant's sentence falls within the range of prison terms set by R.C. 2929.14. See, also, UnitedStates v. Booker (2005), 2005 U.S. LEXIS 628; State v. Morales, 11th Dist. No. 2003-L-025, 2004-Ohio-7239.