OPINION
{¶ 1} Defendant-appellant Guillermo Pena appeals his April 7, 2005 sentence in the Tuscarawas County Court of Common Pleas imposed following his conviction on two counts of complicity to commit aggravated robbery, two counts of complicity to commit aggravated burglary, two counts of theft, and four attendant firearm specifications. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} In December, 2004, appellant was indicted on two counts of complicity to commit aggravated robbery, two counts of complicity to commit aggravated burglary, two counts of theft, and four firearm specifications attached to the foregoing felony charges. Appellant initially plead not guilty to all of the charges.
 {¶ 3} Prior to the commencement of trial, appellant changed his plea as to counts one, two and three, relating to the events of November 4, 2004, and elected to proceed to trial on counts four, five and six relative to the events of November 11, 2004.
 {¶ 4} Following the commencement of trial, appellant changed his plea on counts four, five and six, relative to the November 11, 2004 events to no contest. The trial court entered convictions on all counts after appellant's change of plea.
 {¶ 5} On April 7, 2005, the trial court sentenced appellant to two three-year sentences on the two gun specifications, which were statutorily required to be served consecutively. The trial court further sentenced appellant to two five-year terms on the remaining counts, ordering the sentences to be served consecutively.
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE TERMS OF INCARCERATION WITH RESPECT TO HIS TWO CONVICTIONS FOR COMPLICITY TO COMMIT AGGRAVATED ROBBERY BECAUSE IT FAILED TO MAKE THE APPROPRIATE FINDINGS OF FACT AND FAILED TO STATE ITS SPECIFIC REASONS FOR IMPOSING CONSECUTIVE SENTENCES AS REQUIRED BY R.C. 2929.14 (E)(4) AND 2929.19(B)(2)(c)."
 {¶ 8} R.C. 2929.14(E)(4) requires the trial court to make specific findings necessary for the imposition of consecutive sentences:
 {¶ 9} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} When imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing.State v. Comer (2003), 99 Ohio St.3d 463.
 {¶ 14} Appellant maintains, although the trial court commented on appellant's prior criminal history and his previous incarcerations, the trial court failed to specifically enumerate findings of fact or to give reasons for the imposition of consecutive sentences.
 {¶ 15} The State concedes the trial court failed to make the necessary findings with regard to the imposition of consecutive sentences, but maintains appellant's sentence is not subject to review on appeal as the same resulted from a negotiated plea agreement. We agree.
 {¶ 16} R.C. Section 2953.08(D) provides:
 {¶ 17} "(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section."
 {¶ 18} The State asserts appellant was informed of the trial court's "promised sentence" prior to and during the course of trial. Prior to trial, the following exchange occurred on the record:
 {¶ 19} "The Court: Mr. Pena, I told you yesterday, and I would not have said this yesterday had I not given sufficient thought to it, that my evaluation of the case would be that if you pled no contest to all the charges that I would've ordered a five year term relating to the aggravated burglary and the aggravated robbery and the theft, five years total in the aggregate for your conduct, criminal conduct at one location plus a firearm spec, three years, that's eight years at one location and eight years at another location. So if you plead no contest to the November 4 event at the Latin Transfer location the sentence for those violations of criminal law would be eight years, three years firearm specification, five years for the burglary, robbery and theft.
 {¶ 20} "Now, if you are found guilty by the jury of the other three charges relating to the other date and the other location, I told you yesterday that I would not punish you for going to trial, but reserve the right, and this is important, reserve the right to impose whatever sentence I believed was fair if I believed that the circumstances that were proved by the State beyond a reasonable doubt were more violent, more aggravated, more significant in my judicial mind, than what I had learned from Mr. Stephenson in the pre-trial conferences. I don't expect that to be the case, Mr. Pena, but I want you to understand fully that it is possible there could be a more severe sentence if I concluded your conduct deserved a more severe sentence. That's all I can tell you. I can't tell you anything beyond that.
 {¶ 21} "* * *
 {¶ 22} "The Court: Right. And here's the answer to that, Mr. Pena, again so you appreciate where I'm coming from. Everything Mr. Puterbaugh has just said is accurate in the sense that it can happen. I would allow, because it's such a serious case, allow a pre-sentence investigation. That means there'd be a report prepared. You would be interviewed. You'd follow Mr. Puterbaugh's advice or do whatever you want to do I guess ultimately in terms of what you say, but nonetheless you'd be interviewed, victims would be interviewed, witnesses would be interviewed, and then that report would be supplied to you and Mr. Puterbaugh to read. No secrets. You'd read every word of it. The Prosecutor also would have that.
 {¶ 23} "You would be given an opportunity to come in this courtroom on a sentencing date and to argue that the sentence that I have told you is what I believe is a fair punishment, and that is the sixteen years if you had pled no contest to all of the charges, why that ought to be less. Now, you know it's not gonna be less than six years if you're found guilty of firearm specifications at both locations. I have no discretion to shorten that. You understand that, Mr. Pena?
 {¶ 24} "Mr. Pena: I understand.
 {¶ 25} "The Court: The law tells me, Mr. Pena, that if you're found guilty of two distinct firearm specifications on different dates relating to crimes committed on different dates, that you must receive three years on each of those firearm specifications for a total of six years. It can not be run concurrent, at the same time. I cannot shorten it from three years to two years or to one year. I am without any authority to shorten it.
 {¶ 26} "* * *
 {¶ 27} "One last issue that I think we need to address. Mr. Pena, do you understand that if you are committed to prison in this case on either the aggravated burglary or aggravated robbery count at one location or an aggravated burglary or aggravated robbery at another location that you are required by Ohio law to serve every day of the sentence that is imposed form the range of three years minimum to ten years maximum. This has nothing to do with the firearm specification. That's dead time, mandatory, can't be reduced, can't be changed, that's served. But in the other cases if you're sentenced to serve five years in prison on a count you would be eligible for judicial release after serving four years. That's the law in Ohio. And if these are consecutive five year terms for a total of ten years, you would not be eligible for judicial release until after serving the total of the ten years, eight years in prison. Because the law says that a Judge can not grant you judicial release, you're not eligible for judicial release, shortening of your sentence without having served at least four years of each of those terms.
 {¶ 28} "* * *
 {¶ 29} "Mr. Puterbaugh: Your Honor, I think Mr. Pena would like to enter the no contest pleas on the November 4th
incident and proceed to trial on the November 11th incident.
 {¶ 30} "The Court: Is that right, Mr. Pena?
 {¶ 31} "Mr. Pena: Yes, sir."
 {¶ 32} Tr. at 101-107.
 {¶ 33} Appellant's trial commenced on November 11, 2004. On the second day of trial, the following exchange occurred:
 {¶ 34} "Mr. Pena: Yes, sir. I'm gonna — I need —
 {¶ 35} "The Court: Okay. Just listen please. Now, I asked Mr. Puterbaugh what he indicated or what he meant by — what he thought you meant by putting an end to it and he said that you continued to express displeasure with Mr. Puterbaugh's representation of you, that you don't believe he is zealously and competently representing you, perhaps doing what you believe he should be doing to portray the witnesses who have testified as liars —
 {¶ 36} "Mr. Pena: Yes, sir.
 {¶ 37} "The Court: — who have perjured themselves. And so he said that you were prepared to plead no contest to these —
 {¶ 38} "Mr. Pena: Yes, sir.
 {¶ 39} "The Court: — last three charges and firearm specifications.
 {¶ 40} "He also mentioned that you and he talked about your request that perhaps he come to me and ask me if I would be willing to — no, he told me that he wanted to know what my response would be to a Prosecutor recommendation that you receive twelve years —
 {¶ 41} "Mr. Pena: Yes, sir.
 {¶ 42} "The Court: — in prison. And I told Mr. Puterbaugh and I'm telling you, Mr. Pena, the Prosecutor can recommend whatever he wishes.
 {¶ 43} "Mr. Pena: Yes, sir.
 {¶ 44} "The Court: And if for some reason his recommendation is aligned with what I think is correct then that's okay because then I would say I agree with you and that's what I think the sentence ought to be. But ultimately it's not what he recommends but it's what I feel.
 {¶ 45} "Mr. Pena: That's fair enough, sir.
 {¶ 46} "The Court: Okay. And I want you to know that I've told you several times now that my evaluation of this case is that it's a sixteen year case, not twelve years, not thirteen, not fourteen, not fifteen.
 {¶ 47} "Mr. Pena: I understand.
 {¶ 48} "The Court: Okay. But also, it's not my evaluation that it's a seventeen or eighteen or nineteen or twenty-five year case. So at that other end I'm telling you and I've told you and I'm telling you again, I don't see it that way. Nothing I've seen on that videotape or heard from the witness chair changes my mind about this case. So, I mean that's good news for you in the sense that I don't think there's anything that would cause me to impose a longer sentence than I've already told you. But there's also, Guillermo, nothing I've seen that would cause me to believe you ought to receive less than sixteen years in prison.
 {¶ 49} "Now that's a heck of a long period of time and I don't take this lightly and I take no pleasure in this business but that's my position and nothing I've seen thus far has changed that.
 {¶ 50} "Now, if you are prepared to plead no contest to the remainder of these charges, the complicity to commit aggravated robbery, complicity to commit aggravated burglary, complicity to commit grand theft and the firearm specifications pertaining to each of those remaining three counts, those are Counts Four, Five and Six of the indictment, I'll accept your plea if you again tell me after all the discussion we have on that is done, that that's your decision.
 {¶ 51} "* * *
 {¶ 52} "The Court: All right. And do you understand that the promise, if there has been a promise made to you in this case —
 {¶ 53} "Mr. Pena: Yes, sir.
 {¶ 54} "The Court: — is that there will be no more than sixteen years in prison; that I told you again this morning I don't see anything that's changed my mind on that issue. But I will, as I promised you yesterday, order a pre-sentence investigation, a report to be prepared. You will have the full opportunity to be heard at sentencing, to have witnesses called and to have me listen to your witnesses if you wish to do that at sentencing, in an effort to convince me that there should be a lesser sentence than the sixteen years that I've told you about.
 {¶ 55} "And ultimately then I will consider whatever evidence you present at that hearing, whatever evidence the Prosecutor may wish to present, I'll consider the arguments of your attorney, of you personally. You'll have the right to address me and to prepare your remarks and to give me information that you feel is important as it relates to the sentence. I'll hear the Prosecutor's argument in that regard and then I will impose the sentence.
 {¶ 56} "Again, understanding, Guillermo, that if you plead guilty to the firearm specifications relating to this event on November 11, 2004, that you are going to receive a three year period on those firearm specifications, merged to one three year period, mandatorily required to be served every day of that three years, and that's consecutive or independent to the three years that will be served on the firearm specification relating to the November 4, 2004 event. You understand that.
 {¶ 57} "Mr. Pena: Yes.
 {¶ 58} "The Court: All right. But beyond that mandatory six years there is a range of imprisonment of three years minimum to ten years maximum on Counts Four and Five. That's the complicity in committing aggravated robbery, that's Four, and complicity in committing aggravated burglary, that's Five. There is a six to twelve month period in prison on the — you know, that theft charge in the indictment — excuse me for interrupting, Guillermo — it says a felony five and it is. It's not grand theft, it's theft. Okay. Six months minimum to twelve months maximum in prison.
 {¶ 59} "All of that is discretionary time with the Judge. There's no mandatory time in any of that but I've already told you again my evaluation of the case and what I'm anticipating will be the sentence. Do you understand the range of punishment that can be imposed?
 {¶ 60} "Mr. Pena: Yes.
 {¶ 61} "The Court: And do you understand that again, I will to the very end tell you that I'm reserving the right to impose whatever sentence I believe is appropriate. Understood?
 {¶ 62} "Mr. Pena: Yes.
 {¶ 63} "The Court: All right. Now, the last thing that I need to discuss is that, and I'll do this again at sentencing, I know you understand this but it's important I believe to talk about that at this moment before you enter pleas of no contest.
 {¶ 64} "There is, in addition to the required six years on these firearm specifications, the firearm specs on the November 11, 2004 incident, what we're talking about now, those counts, those three years are required to be served, are mandatory.
 {¶ 65} "And the time imposed for the aggravated robbery, aggravated burglary and theft, whatever that time imposed is, can be consecutive to the time that will be imposed on the counts and firearm specs relating to November 4. You understand that. It can be consecutive time. All right.
 {¶ 66} "And that if in fact you are sentenced to prison, not now on the firearm specs, but on the other charges, and if you are sentenced to serve on one set of charges five years in prison which is what I've told you that grouping is going to be, that you are not eligible for judicial release until four years have been served on those counts. That's what I told you yesterday and that applies to these charges. Do you understand that?
 {¶ 67} "Mr. Pena: Yes, sir.
 {¶ 68} "The Court: Okay. So, again I want you to appreciate that if you are sentenced to sixteen years in prison, six years on the firearm specifications, and then ten years combined on the remaining charges that you'd be required to serve fourteen years in prison, six years on the firearm specs and eight years on the other charges, four and four add to eight. Understood? You have to answer.
 {¶ 69} "Mr. Pena: Yes.
 {¶ 70} "The Court: All right. I just wanted to make sure you understand that.
 {¶ 71} Tr. at p. 270-279.
 {¶ 72} In addition, the trial court stated at sentencing, the trial court stated:
 {¶ 73} "In this case prior to trial Mr. Pena changed his pleas from not guilty to no contest to the charges relating to the Latin Transfer or the November 4 event. Again, those charges were complicity in completing aggravated robbery, complicity in completing aggravated burglary, and complicity in committing theft with a firearm specification appended to each.
 {¶ 74} "Mr. Pena started trial on the November 11 event, with those charges and firearm specifications, and on the second day of trial changed his pleas from not guilty to no contest to those counts in the firearm specifications.
 {¶ 75} "The promises made to Mr. Pena and the representations, I, the Judge, have made to Mr. Pena are important and I want to just go over them again so that there's no mistake about it.
 {¶ 76} "I indicated to Mr. Pena that if he pled no contest to these counts and firearm specifications that he would be found guilty and he has been. I also indicated that the law in Ohio is that when there are the three crimes relating to each event and firearm specifications relating to each of the crimes, those firearm specifications merge to one firearm specification.
 {¶ 77} "So in this case I told Mr. Pena that if he pled no contest to all the counts and firearm specifications there would be two firearm specifications upon which sentence would be imposed: Three years on each consecutive to each other, a total of six years on the firearm specifications, and that that sentence would be imposed consecutive as the law requires to any sentence that is imposed for one or more of the crimes relating to each of the separate events.
 {¶ 78} "I indicated to Mr. Pena that it was likely, although I always indicated that it was possible there would be a longer sentence on the underlying crime, depending on what the Prosecutor chooses from the aggravated robbery, aggravated burglary or theft, but I indicated that the likely sentence on two of those crimes, one from November 4th, one from November 11th, would be five years, that those terms, the five year terms, would be selected from the range of three years minimum to ten years maximum. So we're at actually the lower end of the range of imprisonment for these offenses; that they would be designated consecutive in service and that they would of course again be served independently from and consecutive to the six year firearm specification term for a total then of sixteen years in prison.
 {¶ 79} "I have of course the benefit now of a pre-sentence investigation report which was compiled by the Adult Parole Authority Office after the pleas of no contest and findings of guilty were entered, and I have no reason at this moment in time to conclude that the promises I made to you of sentence should be modified.
 {¶ 80} "So the promises I made to you prior to your pleading no contest to these charges, Mr. Pena, that sentence is what I intend to impose today. But I'm certainly going to be listening to Mr. Stephenson, Mr. Puterbaugh and you as well as the victims, and/or their representatives in the case."
 {¶ 81} Tr. at 3-5.
 {¶ 82} Upon review of the above, appellant plead no contest to the charges contained in the indictment in exchange for a "promised sentence." The sentence imposed was authorized by law and fully complied with the negotiated plea agreement. Accordingly, the trial court was not required to state its findings on the record supporting the imposition of consecutive sentences.
 {¶ 83} Appellant's April 7, 2005 sentence imposed by the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.