OPINION *Page 2 
{¶ 1} Defendant-Appellant, Enrique Parrish, appeals from the judgment of conviction and sentence entered after Appellant pled no contest to one count of Aggravated Arson, in violation of R.C. 2909.02(A)(1), a first degree felony, one count of Arson, in violation of R.C.2909.03(A)(1), a fourth degree felony, and one count of Assault, in violation of R.C. 2903.13, a first degree misdemeanor. On February 5, 2007, counsel for Appellant filed a brief, pursuant to Anders v.California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth the following proposed Assignments of Error:
 {¶ 2} "WHETHER THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO CONSECUTIVE SENTENCES WITHOUT MAKING THE APPROPRIATE FINDINGS UNDER 2929.14(E).
 {¶ 3} "WHETHER THE APPELLANT ENTERED KNOWING, INTELLIGENT, AND VOLUNTARY PLEAS TO THE CHARGES AGAINST HIM"
 {¶ 4} On February 21, 2007, counsel for Appellant filed a Motion to Withdraw and a notice wherein he certified that Appellant had been duly served on or about February 5, 2007, with a copy of the brief and notified of his right to file a pro se brief. Although Appellant was duly notified according to said certification of his right to file a pro se brief, no such brief was filed.
 {¶ 5} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying *Page 3 
anything in the record that could arguably support his client's appeal.Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} The procedural history regarding this case is as follows: On July 6, 2005, the Tuscarawas County Grand Jury returned an indictment against Appellant for thirteen counts of Aggravated Arson, in violation of R.C. 2909.02, and one count of Assault, in violation of R.C. 2903.13.
 {¶ 7} On September 15, 2005, Appellee amended the indictment to change count two from one count of Aggravated Arson, a first degree felony, to one count of Arson, a fourth degree felony. Thereafter, Appellant entered a no contest plea to one count of Aggravated Arson, a first degree felony, one count of Arson, a fourth degree felony, and one count of Assault, a first degree misdemeanor.
 {¶ 8} On October 19, 2005, after a pre-sentence investigation and pursuant to a negotiated plea agreement, Appellant was sentenced by the trial court as promised. On the aggravated arson conviction, Appellant was sentenced to serve four years of imprisonment and two years of community control sanctions with judicial release after three years. On the arson conviction, Appellant was given a one-year suspended term of imprisonment to be served consecutively to the aggravated arson sentence and two *Page 4 
years of community control sanctions deferred until judicial release for the aggravated arson conviction.[1] On the assault conviction, Appellant was sentenced to serve a six-month jail sentence concurrently with the other convictions. The trial court further imposed court costs, granted credit for time served, and scheduled a judicial release hearing for October 21, 2008.
 {¶ 9} We now turn to Appellant's potential Assignments of Error.
 I. {¶ 10} In the first proposed Assignment of Error, Appellant argues that the trial court erred in imposing consecutive sentences.
 {¶ 11} In this case, the record of sentencing was unavailable and an App.R. 9(C) statement was prepared by the parties and accepted by the trial court. The "Statement of Evidence or Proceedings" states that "the State of Ohio and the Defendant entered into a Crim.R.11(F) negotiated plea agreement" for a particular sentence prior to Appellant's no contest plea and sentence.
 {¶ 12} R.C. Section 2953.08(D) provides:
 {¶ 13} "(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge . . ."
 {¶ 14} "[A] jointly recommended sentence is authorized by law and not subject to appellate review if the prison term imposed does not exceed the maximum term prescribed by statute for each offense." State v.Rivers, Trumbull County App. *Page 5 
No. 2003-T-0170, 2005-Ohio-1100, State v. Salsgiver (Aug. 10, 2001), Trumbull County App. No. 2000-T-0048, unreported, quoting State v.Bristow, Crawford County App. No. 3-98-21, 1999-Ohio-964, jurisdiction denied, 85 Ohio St.3d 1495, 710 N.E.2d 715, See also, State v.Pena, Tuscarawas App. No. 2005AP060039, 2006-Ohio-1318.
 {¶ 15} The sentence imposed by the trial court was authorized by law, did not exceed the possible maximum sentences and fully complied with the negotiated plea agreement. Accordingly, we find that Appellant's first Assignment of Error lacks merit
 II. {¶ 16} In his second potential Assignment of Error, Appellant essentially argues that his plea of guilty was not knowingly, voluntarily and intelligently entered.
 {¶ 17} Crim.R.11 sets forth the procedure which a trial court must follow in accepting a guilty plea. Crim.R.11(C)(2) states, in pertinent part, as follows: "In felony cases, the court may refuse to accept a plea of guilty * * * and shall not accept such plea without first addressing the defendant personally and:
 {¶ 18} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 19} "(b) Informing him of and determining that he understands the effect of his plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 20} "(c) Informing him and determining that he understands that, by his plea, he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the State to *Page 6 
prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 21} If the record indicates that the trial court substantially complied with the above requirements of Crim.R. 11, the plea will not be set aside. State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115.
 {¶ 22} The record in this case, as set forth in the "Statement of Evidence or Proceedings", states as follows:
 {¶ 23} "The Defendant entered pleas of no contest to the three (3) charges of the amended indictment, i.e. Counts One, Two (as amended) and Fourteen, and did so after the undersigned reviewed with him the nature of the criminal charges in the amended indictment, the penalties which could be imposed if the Defendant was found guilty of the same; his constitutional and statutory rights and privileges, including his right to be represented by retained counsel, or under Crim.R. 44, Ohio Rules of Procedure, by appointed counsel; his right to a trial by jury, his right to confront witnesses against him, his right to have compulsory process for obtaining witnesses in his favor and his right to require the State of Ohio to prove his guilt relating to Counts One, Two (as amended) and Fourteen of the amended indictment, beyond a reasonable doubt, at trial at which Defendant could not be compelled to testify against himself at which he would have an unqualified right to testify."
 {¶ 24} Additionally, Appellant was aware of the terms of the Crim.R.11(F) negotiated plea agreement. The stipulated statement of evidence further states that "The Defendant knowingly, intelligently, and voluntarily waived all the rights and privileges explained to him prior to the entry of the pleas of no contest". *Page 7 
 {¶ 25} The record, clearly reveals that Appellant was fully informed by the trial court as to the rights he was waiving and all other consequences of his guilty plea. Furthermore, the 9(C) statement of the plea proceedings evidences the trial court's full compliance with the requirements of Crim.R. 11. Therefore, we find Appellant's second proposed Assignment of Error lacks merit.
 {¶ 26} Accordingly, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of conviction and sentence entered against Appellant by the trial court.
 {¶ 27} The judgment of the Tuscarawas County Court of Common Pleas, General Division, is affirmed.
 By: Edwards, J. Hoffman, P.J. and Delaney, J. concur. *Page 8 
 JUDGMENT ENTRY {¶ 28} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, General Division, is affirmed.
 {¶ 29} Attorney Vernon M. Infantino's motion to withdraw as counsel for Appellant is hereby granted.
[1] Specifically, the trial court ordered, "[a] twelve-month term of imprisonment in the Department of Rehabilitation and Corrections is selected from the range of six months minimum to eighteen months maximum and reserved for imposition. This term shall be served consecutively to the four-year term imposed on count one, if ever ordered as a sentence in this case." *Page 1