DECISION AND JUDGMENT ENTRY
{para; 1} This matter before the court on the "Petition For Writ of Habeas Corpus Pursuant To O.R.C. § 2125.01 et. seq.," filed pro se by petitioner, Guillermo Pena, on July 25, 2007.
 {para; 2} Petitioner pled no contest and was found guilty of two counts of complicity to commit aggravated robbery, two counts of complicity to commit aggravated burglary and two counts of theft, with four counts of associated firearm specifications in the Tuscarawas County Court of Common Pleas. He was sentenced to two consecutive *Page 2 
three-year terms of incarceration for the firearm specifications to be followed by two consecutive five-year terms of incarceration for the other charges. State v. Pena, 5th Dist. No. 2005AP060039,2006-Ohio-1318, ¶ 2-5. He is presently incarcerated in the Toledo Correctional Institution under control of respondent, Warden Kelleh Konteh.
 {¶ 3} Petitioner maintains that his incarceration is unlawful because after he was first arrested he was not afforded a preliminary hearing within ten days as mandated by Crim.R. 5(B). Petitioner insists that the New Philadelphia Municipal Court's failure to abide by the rule divests it and subsequent courts of jurisdiction to continue with the case, making his conviction void ab initio. Petitioner is wrong.
 {¶ 4} Ordinarily persons restrained of liberty under a judgment or order of a court of record with jurisdiction to make such an order will be denied a writ of habeas corpus. R.C. 2725.05; Stahl v. Shoemaker
(1977), 50 Ohio St.2d 351, 353. An accused has no constitutional right to a preliminary hearing when an indictment is returned. State ex rel.Haynes v. Powers (1969), 20 Ohio St.2d 46, 48. Any entitlement to a preliminary hearing is derived only from Crim.R. 5(B).
 {¶ 5} The rule provides:
 {¶ 6} "(1) In felony cases a defendant is entitled to a preliminary hearing unless waived in writing. * * * If the defendant does not waive the preliminary hearing, the judge or magistrate shall schedule a preliminary hearing within a reasonable time, but in any event not later than ten consecutive days following arrest or service of summons if the defendant is in custody and not later than fifteen consecutive days following arrest or *Page 3 
service of summons if he is not in custody. The preliminary hearing shall not be held, however, if the defendant is indicted. * * *." Crim.R. 5(B)(1).
 {¶ 7} The rule is not self executing:
 {¶ 8} "Although Criminal Rule 5(B) thus prescribes that a hearing shall be held within a designated period after arrest or service of summons, the failure to provide a hearing within that period does not entitle a defendant to an automatic dismissal of the charges against him. Rather, some timely and proper action by or on behalf of an accused must be initiated to secure the desired dismissal, and if an indictment is handed down before such action is taken, the right to a preliminary hearing is extinguished and the hearing need not be held." State v.Wood (1976), 48 Ohio App.2d 339, 342.
 {¶ 9} Petitioner includes with the material provided in support of his petition a copy of the December 7, 2007 indictment underlying his conviction. He makes no presentment that he did anything to preserve any right which might have accrued prior to issuance of the indictment, consequently any such right was extinguished. As a result, on its face, appellant's petition for a writ of habeas corpus fails. Accordingly, the petition is dismissed at petitioner's costs.
 {¶ 10} Pursuant to Civ.R. 58(B), the clerk is directed to serve allparties not in default for failure to appear with notice of thisjudgment and its date of entry on the journal.
 WRIT DENIED. *Page 4 
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1