JOURNAL ENTRY AND OPINION
{¶ 1} The sole claim of error in this pro se appeal is that the court erroneously denied defendant Tramaine Martin's motion to dismiss on grounds that he had not been afforded a preliminary hearing within the statutorily-allotted time period.
 {¶ 2} Although the failure to hold a preliminary hearing within the statutorily-allotted time period can be a cause for dismissal, see R.C. 2945.73(A), we have held that any dismissal for violation of the time period is not self-executing and is dependent upon "some timely and proper action." See State v.Wood (1976), 48 Ohio App.2d 339, 342. "If an indictment is handed down before a timely and proper action is taken to secure a dismissal, the right to a preliminary hearing is extinguished."State v. Zaffino, Summit App. No. 21514, 2003-Ohio-7202, at ¶12, citing to State v. Woods, 48 Ohio App.2d at 342.
 {¶ 3} The police arrested Martin on July 22, 2005 and held him without bail. Pursuant to R.C. 2945.71(C)(1), the state was required to hold a preliminary hearing within 10 days of the arrest. That hearing did not take place. Instead, the grand jury returned an indictment on August 3, 2005. Martin filed his pro se motion[1] to dismiss the indictment on August 26, 2005. Since the indictment issued before Martin sought a dismissal of charges for failure to hold a preliminary hearing, the right to a preliminary hearing "extinguished" and the court did not err by denying the motion to dismiss.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Sean C. Gallagher, J., concur.
[1] The state argues that the court should have disregarded Martin's pro se motion to dismiss because he had been represented by counsel at the time. We reject this argument. Contrary to the state's assertions, State v. Martin, 103 Ohio St.3d 385,2004-Ohio-5471 is not authority for the proposition that the court must disregard any pro se motions from a criminal defendant who is represented by counsel. That case simply rejects the idea of a "hybrid" representation where a defendant knowingly waives the right to counsel and yet insists on having counsel play more than a standby role in the defense. Id. at paragraph one of the syllabus. Pro se motions by criminal defendants represented by counsel do not fall within this notion of hybrid representation.