JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} The Applicant Sylvester Belcher has filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v.Belcher, Cuyahoga App. No. 89254, 2007-Ohio-6317. In that opinion, we affirmed defendant's convictions for aggravated robbery, robbery, aggravated burglary, kidnapping, and a three-year firearm specification. The State of Ohio, through the Cuyahoga County Prosecutor's Office, filed a memorandum in opposition to application for reopening on May 8, 2008. For the below stated reasons, we decline to reopen Belcher's original appeal.
 {¶ 2} Initially we note that Belcher's affidavit is not sufficient to comply with App. R. 26(B)(2) which provides:
An application for reopening shall contain all of the following:
 (D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record * * *.
 {¶ 3} In his affidavit, Belcher asserted that the following sworn statement supports the deficient performance of counsel on appeal and the manner in which the deficiency prejudicially affected the outcome of the appeal. However, Belcher did not include a sworn statement. Applicant's failure to comply with App. R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening. See, e.g., State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, reopening disallowed (May 4, 2000), Motion No. 306308, at 4-5. *Page 4 
 {¶ 4} Notwithstanding the above, in his application, Belcher submitted three proposed assignments of error. In his first and second assignments of error, Belcher asserted that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective for not raising the following issues: failing to object to allied offenses; failing to subpoena police officers; failing to properly investigate the case to include interviewing witnesses and listening to the 911 tape; and failing to properly impeach witness testimony.
 {¶ 5} A review of his direct appeal demonstrates that Belcher, through counsel, previously argued that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment. Specifically, Belcher argued that counsel was ineffective because he failed to subpoena necessary receipts; failed to ask for a continuance to be able to subpoena the receipts; failed to investigate the defendant's case; and failed to object to the State's dismissal of a one-year firearm specification.
 {¶ 6} Except for the failure of counsel to properly investigate the case, Belcher now raises different instances of ineffective assistance of counsel. Nevertheless, the issue of ineffective assistance of trial counsel was raised and argued before this court. Accordingly, res judicata prohibits this court from reopening the original appeal. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. We also find that applying the doctrine of res judicata would not be unjust under these circumstances. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 7} Furthermore, in Strickland v. Washington (1984), 466 U.S. 688,80 L.Ed.2d 674, 104 S.Ct. 2052, the United States Supreme Court stated that a court's scrutiny of an *Page 5 
attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Additionally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues."Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308. Accordingly, we will not second guess appellate counsel's decision on which alleged instances of ineffective assistance of counsel to raise and argue.
 {¶ 8} In his third proposed assignment of error, Belcher argues that counsel was ineffective because he failed to raise the issue that he was held beyond ten days without a preliminary hearing in violation of R.C. 2945.71 and 2945.73(A). "Although the failure to hold a preliminary hearing within the statutorily-allotted time period can be a cause for dismissal, we have held that any dismissal for violation of the time period is not self-executing and is dependent upon `some timely and proper action.' See State v. Wood (1976), 48 Ohio App.2d 339, 342,357 N.E.2d 1106. `If an indictment is handed down before a timely and proper action is taken to secure a dismissal, the right to a preliminary hearing is extinguished.' State v. Zaffino, Summit App. No. 21514,2003-Ohio-7202, at P12, citing State v. Wood, 48 Ohio App.2d at 342. "State v. Martin, Cuyahoga App. No. 87339, 2006-Ohio-5012. *Page 6 
 {¶ 9} In this matter, the lower court docket indicates that Belcher was indicted on October 11, 2006. However, Belcher did not file his motion to dismiss until November 28, 2006. Consequently, because Belcher failed to file a timely motion to dismiss, we do not find that his appellate counsel was ineffective for failing to raise this proposed assignment of error.
 {¶ 10} Accordingly, the application to reopen is denied.
 CHRISTINE T. MCMONAGLE, P.J., and PATRICIA A. BLACKMON, J., CONCUR. *Page 1